In the PATERNITY OF M.O.B.

No. 45A03–9304–JV–00142.

Court of Appeals of Indiana, Third District.

Jan. 20, 1994.

Garry A. Weiss, Merrillville, for appellant.

Olivia Chambers, Griffith, amicus curiae.

Jerry L. Peteet, Gary, for appellee.

STATON, Judge.

Nancy Broertjes ("Mother") appeals a paternity judgment requiring M.O.B. to assume the surname of his father, Josic Wilcoxon ("Father"). Mother presents for our review a single issue: did the trial court err in finding that it was in the best interests of M.O.B. that he assume Father's surname.

We reverse.

M.O.B. was born out-of-wedlock on April 11, 1991. On June 24, 1991, Mother and Father filed a Voluntary Joint Petition to Establish Paternity; an order granting the petition was entered on September 3, 1991. On August 7, 1992, a hearing was held on the contested issue of M.O.B.'s surname. At the conclusion of the hearing, the trial court entered an order that M.O.B. assume the surname Wilcoxon.

Mother contends that the court's action was erroneous because she possessed the right to give M.O.B. her surname pursuant to IND.CODE 16–1–16–15,[1] and because Father failed to present evidence that a name change was in the best interests of M.O.B. Hence, she claims that the trial court abused its discretion in ordering the name change.

I.C. 16–1–16–15 [now I.C. 16–37–2–13] provides that the birth of a non-marital child shall be *recorded* with the State Board of Health under the name of the mother. This statutory provision is consistent with the tradition that a non-marital child takes its mother's name at birth. However, the statute does not ensure that a non-marital child will retain the surname of its mother where the retention is contested by the father. *D.R.S. v. R.S.H.* (1980), Ind.App., 412 N.E.2d 1257, 1261. Thus, the "right" of Mother to confer her surname upon her child is not inviolate.

However, a biological father seeking to obtain the name change of his non-marital child bears the burden of persuading the court that the change is in the child's best interests. Absent evidence of the child's best interests, the father is not entitled to obtain a name change. *E.W.R. v. T.L.C.* (1988), Ind.App., 528 N.E.2d 106, 109, *trans. denied.* We review the trial court's order in such cases under an abuse of discretion standard. *Id.* An abuse of discretion will be found only where the decision is clearly against the logic and effect of the facts and circumstances before the court or the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180; *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749, 755.

When a surname change is sought in a paternity action, the trial court may properly consider, *inter alia*, whether the child holds property under a given name, whether the child is identified by public and private entities and community members by a particular name, the degree of confusion likely to

---

1. I.C. 16–1–16–15 has been repealed and replaced by IND.CODE 16–37–2–13 which provides: "A child born out of wedlock shall be recorded (1) under the name of the mother, or (2) as directed in a paternity affidavit executed under IC 31–6–6.1–9."

be occasioned by a name change and (if the child is of sufficient maturity) the child's desires. *Matter of G.L.A.* (1982), Ind.App., 430 N.E.2d 433, 434, n. 3, *reh. denied.*

■ Evidence adduced with respect to the best interests of M.O.B. disclosed the following. United States savings bonds, health insurance coverage and a social security card had been obtained for M.O.B. under the surname Broertjes. M.O.B. was identified in his family, community and certain organizations by the surname Broertjes. Mother, as the custodial parent, expected to register M.O.B. in school and obtain medical treatment on his behalf. Additionally, the trial court admitted into evidence the written recommendation of Dr. Matthew Ikeda that M.O.B. retain the surname Broertjes.

In support of his petition for a surname change, Father testified that M.O.B. was his only son and expressed the belief that Wilcoxon was an honorable name which he would "truly like" to have "carried on." Record, p. 87. Essentially, Father presented evidence that it was in his (Father's) best interests that M.O.B. assume the surname Wilcoxon. However, he failed to present *any* evidence that the name change was in the best interests of M.O.B.

Father clearly failed to sustain his burden of persuasion that a name change was in the best interests of M.O.B. Therefore, the trial court abused its discretion as a matter of law when it erroneously ordered that M.O.B. assume Father's surname.

Reversed.

GARRARD and BARTEAU, JJ., concur.