**Angela Maria GARRISON,
Appellant–Plaintiff,**

v.

**John Eric KNAUSS, Appellee–Defendant.**

No. 82A01–9403–JV–82.

Court of Appeals of Indiana,
First District.

June 29, 1994.

John D. Clouse, John P. Brinson, Evansville, for appellant.

KIRSCH, Judge.

Angela Maria Garrison appeals from orders which decree that the names of her two non-marital children be changed to the surname of their father, John Eric Knauss. Garrison presents the following issue on appeal: whether the trial court abused its discretion in finding that the name change would be in the children's best interests.

### FACTS

Garrison and Knauss joined in a voluntary petition to establish the paternity of their two daughters. At that time, S.R.G. was

almost seven years old and K.M.G. was three years old. At a hearing on September 20, 1993, the court accepted Knauss' admission, established paternity, and awarded custody to the mother with reasonable visitation to the father. The court then asked Knauss if he wished to change each child's last name; he responded affirmatively. Garrison objected, and the court set the matter for hearing on October 8, 1993.

At that hearing, the father testified that the name change would improve his "paternal feelings," especially since he was no longer living with the children or their mother. The mother testified that all the girls' medical, school, and baptismal records reflect the name Garrison. Both parties used Garrison as the girls' surname from the time of birth. The court found it was in the best interest of the children to bear the father's last name and ordered the surnames of both children changed to Knauss. This appeal ensued.

### DISCUSSION AND DECISION

This court held in *In the Paternity of M.O.B.* (1994), Ind.App., 627 N.E.2d 1317, that a biological father seeking a name change for his non-marital child bears the burden of persuasion that such change is in the best interests of the child. *Id.* at 1318. The court then reversed the trial court's order granting the father's petition, where the father's only evidence was that the child was his only son and that the father's surname was an honorable one which he would like carried on. We held there that the father's evidence related only to what was in the father's best interests, not to what was in the best interests of the child. *Id.*

■ The same situation obtains in this case. The only evidence Knauss presented in relation to the best interests of the children was his statement that it was in the children's best interests "for—just for—that paternal feeling that they are my children." Record at 47. This statement relates to Knauss' own paternal feelings toward his children. As with the evidence in *M.O.B.*, the evidence offered here relates to Knauss' best interests, not to those of the children,

and is insufficient to warrant changing the children's names.

Even if Knauss' statement is construed as relating to the relationship between Knauss and his children, it is insufficient. As noted by Judge Shields in her dissenting opinion *D.R.S. v. R.S.H.* (1980), Ind.App., 412 N.E.2d 1257, 1268, "If a name is important to the strengthening of the father-son relationship, it is just as logical to say it is important to strengthening the mother-son relationship."

Here, there are a number of factors supporting a finding that retaining their mother's surname is in the children's best interests. The birth and baptismal records of the children, the school records of the older child, social security records for both children, and their health records are all in the name "Garrison." In addition, there is a possibility of confusion and embarrassment for the older child. In support of the finding that the children's surname should be changed, we have only Knauss' statement set forth above.

■ An examination of the record makes it readily apparent that the trial court based its finding of best interest not on the evidence presented but on the referee's own personal belief of what was in the children's best interests. At the hearing to establish paternity, the court asked Knauss whether he wanted the children's last name changed to his. The court then asked Garrison if she agreed. When she replied, "Absolutely not," the court set the matter for hearing and said:

> "I want you to understand how I feel about that both of you. I think in this society it's obvious to everyone who wants to give her difficulty about it that she was born out of wedlock. My feeling is it's just one more cross that she shouldn't have to bear. If she has her mother's name she may as well have CBOW[1] tattooed on her forehead."

Record at 38–39.

At the conclusion of the hearing on the name change, the court reiterated these sentiments:

> "Alright. Well, I want you both to understand that this decision is one for the court

1. Apparently, the trial court used "CBOW" as an    acronym for "Child Born Out of Wedlock."

to make in the best interest of the children; and in spite of the evidence Mr. Belcher has most ably presented, I am convinced it is in the best interest of the child in this society at this time to bear the child's father's last name; I am going to order that the children bear the last name of Knauss..... I want you to understand that I feel very strongly about that. My feeling is by way of explanation that if the children have their mother's last name and not their fathers [sic], while the stigma is certainly not as great now as it was a few years ago, there is still a stigma attached to someone being born out of wedlock. Most people who want to use that against these children will probably not know what occurred in 1986, 1990 and 1993; about ten or fifteen years from now, it is one less cross that these children will have to bear; it makes it, in my estimation, easier for them to pursue payment of support and possible social security benefits; and although there is no real legal problems involved, I am convinced that it is in their best interests...."

Record at 60–61.

The trial court abused its discretion when it ordered that the children assume their father's surname.

Reversed and remanded with instructions to restore the surname Garrison to both children.

BAKER, J., concurs.

ROBERTSON, J., dissents with opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. Knauss's testimony could properly have persuaded the trial court that a name change was in the children's best interest because, if they were to be given their father's surname, then they would benefit from the positive, "paternal feeling" they would get from knowing that society would recognize and accept them as their father's children. A reversal of this case is a decision that such a determination is, in a word, illegitimate. Knauss presented some evidence that the name change was in the girls' best interest, and this evidence supports the decision of the trial court. Therefore, the trial

court did not abuse its discretion when it ordered that the children assume their father's surname.