**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 18 2013, 6:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW S. WILLIAMS**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE PATERNITY OF: | ) | |
| L.M.D. (Minor Child), | ) | |
| | ) | |
| D.H., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 01A02-1301-JP-31 |
| | ) | |
| A.D., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |
| | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Frederick A. Schurger, Judge
Cause No. 01C01-1008-JP-39

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

D.H. ("Father") petitioned the trial court to change the last name of his four-year-old daughter, L.M.D., to match his own. Father believed that his daughter would benefit from sharing his last name because it would strengthen their bond, clarify his role in her life, and support her bonding with his family members. The trial court denied Father's request. At issue here, as in all name-change cases, is whether the parent seeking the name change has shown that it would be in his child's best interests. This case is not, however, about whether L.M.D. will share her mother's name or her father's. L.M.D.'s mother, A.D., ("Mother"), was recently married and is known socially by her new husband's last name. And Mother repeatedly told the trial court that she also planned to legally assume her husband's last name. Thus, the issue facing the trial court was whether it was in L.M.D.'s best interests to share Father's last name or keep her current name—in light of Mother's testimony that L.M.D. would soon be the only one bearing that name.

Father is involved in his daughter's life and his reason for seeking a name change focused on his daughter's best interests. Mother, meanwhile, offered no persuasive argument that changing L.M.D.'s last name would not be in her best interests, and she told the court that she was going to take her new husband's last name. In light of this evidence, we conclude that the trial court erred by denying Father's request. We reverse and remand.

**Facts and Procedural History**

In August 2008, L.M.D. was born to fifteen-year-old Mother and nineteen-year-old Father. Although Father was at the hospital for L.M.D.'s birth, he did not sign the birth certificate, and L.M.D.'s birth certificate shows her last name to be Mother's maiden name. Father's paternity was not established until 2010, when the parties reached an agreement regarding parenting time and child support. Recently, Mother married the father of her two younger children. She now uses her new husband's last name socially, although she has not yet legally changed her name. In 2012, Father filed a petition to change L.M.D.'s last name to his own.

At a hearing on his petition, Father explained that he wanted L.M.D. to have his last name because it would "get a stronger bond between us" and because he "wanted [L.M.D.] to know that I'm her father and that you [k]now she's not just going over to somebody's house to stay the night and that'd help her, you know, get a stronger bond between us with her last name being [H]." Tr. p. 8. Father also reasoned that changing L.M.D.'s last name would help her identify with Father's side of the family. *Id.*

Father conceded his failure to support his daughter emotionally or financially before paternity was established in 2010. *Id.* at 10. But since that time, he regularly paid child support and exercised parenting time. He admitted that he accumulated a child-support arrearage at some point, which he was paying through income-withholding orders. *Id.* at 5. In the future, he hoped to "be there for [L.M.D.] the best that I can," by being involved in her activities and paying child support. *Id.* at 9.

Mother admitted that L.M.D. did not own property in her current name and that she had no concerns about changing L.M.D.'s social-security number or her daycare records. *Id.* at 35. Mother nonetheless objected to the proposed name change, saying that Father was at the hospital when their daughter was born and that he did not sign the birth certificate; according to Mother, "he [] had his chance and he blew it." *Id.* at 25. Mother said she believed that L.M.D. should have her last name because Mother had custody and a name change might confuse L.M.D. *Id.* at 33, 36. But she admitted that L.M.D. was already confused and sometimes referred to herself by Father's last name. *Id.* at 37. Mother also told the court that her two youngest children bore her new husband's last name. *Id.* at 24. She said she used her husband's last name socially and planned to legally assume his name as well.[1] *Id.* at 23, 34 ("I can tell you I'm changing my [name] to [A.L.].").

The trial court denied Father's petition to change L.M.D.'s name, saying that the name change was "more for the benefit of the father and his family and not for the best interests of the child . . . ." Appellant's App. p. 21. Father now appeals.

**Discussion and Decision**

We review a trial court's order on a petition to change the name of a minor child for an abuse of discretion. *In re Paternity of M.O.B.*, 627 N.E.2d 1317, 1318 (Ind. Ct. App. 1994) (citations omitted). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court or the

---

[1] Mother also testified that she would like L.M.D. to take her new stepfather's last name, but the trial court declined to consider that request. Tr. p. 32 ("I think it exceeds the scope of the information available to [Father] in terms of something being brought other than opposition [to the name change].").

4

court has misinterpreted the law. *Id.* We do not reweigh the evidence, and we view the evidence in the light most favorable to the appellee. *Id.*

In determining whether to grant a name-change petition, courts consider the best interests of the child. *See* Ind. Code § 34-28-2-4(d). Absent evidence that a name change would be in the child's best interests, the party seeking a name change is not entitled to such change. *M.O.B.*, 627 N.E.2d at 1318. The factors that a trial court may consider include whether the child holds property under a given name, whether public and private entities and community members know the child by a certain name, and the degree of confusion that might be caused by a name change. *Id.* at 1318-19. The trial court may also consider whether the non-custodial parent supports the child, exercises parenting time, and is actively involved in the life and welfare of the child. *In re Paternity of Tibbitts*, 668 N.E.2d 1266, 1269 (Ind. Ct. App. 1996), *trans. denied*.

Father testified that he believed changing L.M.D.'s last name would be in her best interests; specifically, that it would strengthen their father-daughter connection and help her bond with his family members. He also said it would help her understand his role in her life; specifically, she would know that she was not "just going over to somebody's house to stay the night" when he exercised his parenting time. Tr. p. 8. These statements show Father's focus on his daughter's best interests rather than his own. *See Petersen v. Burton*, 871 N.E.2d 1025, 1030-31 (Ind. Ct. App. 2007). And to the extent that L.M.D. might benefit from an increase in Father's paternal feelings, this fact "should not be discounted simply because the feelings may also positively affect Father." *Id.* at 1031 (citation omitted).

5

According to Mother, Father had his chance in 2008, and he blew it. But she struggled to articulate why Father's name-change request should be denied—L.M.D. did not own property in her current name, and Mother said she had no concerns about changing L.M.D.'s social-security number or her daycare records. Mother argued that L.M.D. should have Mother's last name because Mother had custody and a name change might confuse L.M.D., but Mother admitted that L.M.D. was already confused in that she sometimes referred to herself by Father's last name.

There is another critical piece to this puzzle. Mother was recently married. Her two youngest children bear her new husband's last name. Mother is known socially by that last name, and she told the trial court that she planned to legally assume that name. Tr. p. 23, 34 ("I can tell you I'm changing my [name] to [A.L.].").[2] Because Mother intends to change her last name, the parties' dispute was not about whether L.M.D. would share her mother's name or her father's; rather, the question facing the trial court was whether it was in L.M.D.'s best interests to share Father's last name or keep her current name—in light of Mother's testimony that L.M.D. might soon be the lone bearer of that name.

Given the evidence before it—Father's testimony about why a name change would be in L.M.D.'s best interests, Mother's failure to articulate why it would not be, and Mother's testimony that she was taking her new husband's last name—we conclude that the trial court erred by denying Father's request to change L.M.D.'s last name.

---

[2] We acknowledge Mother's statement at the end of the hearing that there had been some discussion of her husband taking Mother's last name. Tr. p. 39. However, Mother said this after having already said that she was known socially by her husband's last name and that she planned to legally take that name. And notably, this statement was made after the trial court declined to consider the issue of changing L.M.D.'s last name to that of Mother's new husband.

6

Finally, Father's track record in supporting his daughter is not perfect: he failed to support L.M.D. before paternity was established and at some point accumulated a child-support arrearage. But Father's parenting need not be flawless to obtain a name change. *Petersen*, 871 N.E.2d at 1031 ("Father's parenting, while admittedly not perfect, has improved significantly since paternity was established . . . . [H]e provides consistent financial support for his son, and he exercises regular visitation."). Father provides support through income-withholding orders, exercises parenting time, and has expressed his desire to continue to improve his relationship with his young daughter. We conclude that the trial court erred in denying Father's request to change L.M.D.'s last name. We reverse and remand with instructions to the trial court to grant Father's name-change petition.

Reversed and remanded.

KIRSCH, J., and PYLE, J., concur.