### LARUE v. RUSSELL and Others.

SEPARATION OF WITNESSES.—It is error for the court, under an order for the separation of witnesses, to exclude a party to the suit from the court room.

TRESPASS TO LANDS.—A party peaceably in possession of lands may maintain trespass for an injury to his possession, though the trespasser have a better title to the lands.

INSTRUCTION.—On the trial below the court instructed the jury that if they believed certain facts which were recapitulated in the instruction they must find for the defendant, thus excluding from consideration other evidence tending to explain and avoid the effect of the facts recited.

*Held*, that the instruction was erroneous.

APPEAL from the *Franklin* Circuit Court.

FRAZER, J.—This was an action of trespass, *quare clausum fregit*.

Answer, 1. General denial. 2. That the parties were joint tenants, and that the defendants entered the close by leave of the plaintiff. Reply, general denial. There was a jury trial at the *August* term, 1865, and a verdict for the

defendants, and judgment on the verdict over a motion for a new trial.

A bill of exceptions informs us that "the cause came on for trial upon the issues joined, whereupon the plaintiff offered divers witnesses to sustain his part of the issue, but before said witnesses were permitted to be examined, upon defendant's motion, the court ordered the plaintiff's witnesses to be separated, and required the plaintiff to go out of the court room and remain out until he was examined as a rebutting witness."

This proceeding is probably without a precedent. The right of a party litigant to be present during the trial of his cause, that he may be heard in his own behalf, has been so long accorded by universal custom, and is so obviously necessary for the security of private rights, that the refusal to entertain the cause at all would scarcely be a greater error than the denial of this privilege. Besides, it is secured by plain and positive statute. 2 G. & H., § 765, p. 325.

The court below also erred in instructions to the jury. A party peaceably in possession of lands may maintain trespass for an injury to his possession, though the trespasser have a better title to the lands. This principle was contravened.

The court recapitulated certain facts in evidence, and informed the jury that if they believed those facts they must find for the defendants, excluding from consideration other evidence tending to explain and avoid the effect of the facts thus recapitulated. This also was error.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*W. Morrow, R. M. Goodwin* and *W. H. Hay,* for appellant.

*A. C. Hanna,* for appellees.