Shew *et al. v.* Hews *et al.*

Judgment reversed.

Filed Jan. 14, 1891.

---

No. 14,693.

## SHEW ET AL. *v.* HEWS ET AL.

FRAUDULENT TRANSFER.—*Personal Property.—Pleading.—Complaint.—Failure to allege Insolvency of Debtor.—Demurrer,*—The rules of pleading that prevail in suits to set aside fraudulent conveyances are alike applicable to suits to set aside fraudulent transfers of personal property. A complaint in the nature of a creditor's bill to set aside certain transfers of personal property on the ground of fraud, and to subject the property to the payment of the creditor's claim, is bad upon demurrer, if it fails to allege the insolvency of the debtor when the transfer was made, or the suit instituted.

PRACTICE.—*Case Characterized by a Certain Theory.—Must rest upon That Theory.*—Where the whole theory of a case, from its inception to its final determination in the trial court, characterized it as a suit in equity, and not as an action at law, it must rest upon that theory.

WITNESS.—*Order for Separation.— Party to Action Included in Order.— Effect of.*—It is error for the court, upon granting a request for the separation of witnesses to extend the order to one of the parties to the action who had a substantial interest in the subject-matter in controversy, and exclude him from the court room.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*H. C. Dodge, J. A. State, O. T. Chamberlain* and *P. L. Turner,* for appellees.

BERKSHIRE, J.—This was an equitable suit brought by the appellees, as creditors of Alfred H. and Mary Shew, for the benefit of themselves and other creditors, to have certain transfers of personal property declared void on the ground of fraud, and to subject the property to the payment of their claims, and for the appointment of a receiver.

Demurrers to the complaint were filed, but overruled and exceptions reserved.

Answers were then filed, to which a reply was addressed, and the cause being at issue the court, of its own motion, caused a jury to be impanelled, and caused certain questions of fact involved in the issues to be tried by them, for its information; and after said jury had returned their answers to the questions submitted to them, the court found for the appellees and rendered judgment accordingly.

The appellants moved, in writing, for a new trial, but their motion was overruled and they reserved an exception.

The errors assigned call in question the rulings of the court upon the demurrer to the complaint, and upon the motion for a new trial.

We think the complaint is infirm, and that the court erred in overruling the demurrer thereto.

The rules of pleading that prevail in suits to set aside fraudulent conveyances are alike applicable to suits to set aside fraudulent transfers of personal property. *Hendricks* v. *Frank*, 86 Ind. 278; *Quarl* v. *Abbett*, 102 Ind. 233; *Duffy* v. *State, ex rel.;* 115 Ind. 351; *Scott* v. *Indianapolis Wagon Works*, 48 Ind. 75.

It is well settled that if a complaint, in the nature of a creditor's bill, fails to allege the insolvency of the debtor when the conveyance or transfer is made, or the suit instituted, the pleading is bad upon demurrer.

The complaint under consideration fails to allege the insolvency of Alfred H. Shew and Mary Shew at any time. For all that appears in the complaint these appellants at all times had ample property subject to execution with which to

pay all of their indebtedness, notwithstanding the transfers complained of. *Taylor* v. *Johnson*, 113 Ind. 164, and cases cited; *Hendricks* v. *Frank, supra*; *Towns* v. *Smith*, 115 Ind. 480; *Sell* v. *Bailey*, 119 Ind. 51.

But it is contended by the appellees that this is not a suit in the nature of a creditor's bill, but an action at law to recover damages. It has none of the ear-marks of such an action, but if we were to so treat it, for reasons that will be understood without being stated, we would find the complaint more radically infirm than when considered in its true character. *Hendricks* v. *Frank, supra*. But the whole theory of the case from its inception to its final determination in the trial court characterizes it as a suit in equity, and not as an action at law, and it must rest upon that theory still. *Bingham* v. *Stage*, 123 Ind. 281; *Wagner* v. *Winter*, 122 Ind. 57; *Peters* v. *Guthrie*, 119 Ind. 44; *Cottrell* v. *Ætna Ins. Co.*, 97 Ind. 311.

There are several causes assigned in the motion for a new trial, but it only becomes necessary to notice one of them.

A separation of witnesses was demanded by the appellees, and the request was granted by the court and extended to one of the appellants, over his objection. The appellant excluded from the court-room, as a party defendant, was not merely a nominal party but had a substantial interest in the subject-matter in controversy. This ruling of the court was clearly erroneous. *Larue* v. *Russell*, 26 Ind. 386; *Cottrell* v. *Cottrell*, 81 Ind. 87. This appellant had the right to appear in person and defend the action for himself if he so desired. Section 961, R. S. 1881.

For the errors indicated the judgment must be reversed.

Judgment reversed, with costs.

Filed Jan. 14, 1891.