STATE OF INDIANA *v*. DWIGHT M. KINDER.

[No. 871S224. Filed September 15, 1972.
Rehearing denied December 14, 1972.]

*Theodore L. Sendak,* Attorney General, *John T. Carmody,* Deputy Attorney General, for appellant.

*Owen W. Crumpacker, Harold Abrahamson, Kenneth D. Reed, Crumpacker, Abrahamson & Reed,* of Hammond, for appellee.

GIVAN, J.—This is an appeal from a judgment rendered in a condemnation action filed by the State of Indiana against

the appellee. Trial by jury resulted in a verdict for the appellee in the amount of $200,000.

The record discloses the following evidence:

The appellee is the owner of a parcel of land in Porter County, Indiana, bordered on the north by U.S. Highway 20 and on the south by the Old Porter Road. The State sought to condemn a strip of land containing 0.991 acres along the entire northern boundary of appellee's land for the construction of an interchange between Highways I-94 and U.S. 20. The State also asked a temporary taking of 0.080 acres to accomplish the demolition of a building situated on the line between the property taken and the residue owned by appellee. The court appointed appraisers assessed total damages in the amount of $190,424. Both the State of Indiana and the appellee filed exceptions to the appraisers' award, and venue was changed to the Lake Circuit Court.

At the beginning of the trial the appellee moved for a separation of witnesses and asked that a prospective witness for the State be included in the separation order, although the State expressed a desire to use such witness as a consultant during the trial. The trial court ruled that the State had to choose as to whether to use its appraiser as a witness or as a consultant.

At the trial the appellee produced four expert witnesses, who testified that the highest and best use of the land prior to the take was as a commercial site along U.S. 20, and that the take substantially destroyed that use. The damage testified to by these witnesses ranged from $228,000 to $339,500.

The State produced three expert witnesses, who testified to damages ranging $10,100 to $10,900.

Appellant first claims the trial court erred in permitting the cross-examination of State's witness Banawitz concerning the sale prices of unidentified property. Mr. Banawitz had testified on direct examination that one of the "comparables" which he used in arriving at his valua-

tion was a sale to Bethlehem Steel. On cross-examination the appellee sought to test Mr. Banawitz' familiarity with land transactions in Porter County by asking questions concerning other sales to Bethlehem Steel. Included in these questions were the prices paid in those transactions. After Mr. Banawitz had answered several questions of this type, the State objected to a continuation of the line of cross-examination for the reason that the sales had not been placed in evidence. We observe that it was improper for the landowner's attorney to include the selling price in his questions to Mr. Banawitz. However, the State made no objection at the beginning of this line of questioning. Therefore, the issue is waived. 28 I.L.E. *Trial* § 61 (1960). When the State did object the appellee rephrased the question and first asked if the witness was familiar with the particular sale and upon receipt of an affirmative reply, then asked the sale price. Such cross-examination was proper. 5 NICHOLS', EMINENT DOMAIN § 21.3[2] (rev. 3d ed. 1969).

Appellant next claims the trial court erred in refusing to permit the State to retain one of its witnesses in the court room as an advisor, notwithstanding the granting of the motion for separation of witnesses. The record shows that Claude Magnuson was an independent fee appraiser engaged by the State of Indiana, and that by reason of the court's ruling the State chose to have him remain in the court room as a consultant and therefore was deprived of his testimony as an expert witness.

Whether the witnesses will be separated is a matter within the discretion of the trial court. *Cincinnati, I.W.R. Co.* v. *Little* (1921), 190 Ind. 662, 131 N. E. 762.

The appellant cites *Shew* v. *Hews* (1891), 126 Ind. 474, 26 N. E. 483 and *Larue* v. *Russell* (1866), 26 Ind. 386, in support of its argument that the court committed reversible error by abusing its discretion. Both of the cases cited hold that it is reversible error to extend the separation to those who have a substantial interest in the subject matter. With

this we agree. However, such is not the situation in the case at bar. Mr. Magnuson was not a party to the action nor did he have any interest in the suit other than his employment as an appraiser. This Court has even held that it is within the sound discretion of the trial court to include or exclude directors of a corporation from the order to separate witnesses. *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568. 47 N. E. 147.

We hold that it was within the sound discretion of the trial court as to whether or not Mr. Magnuson would be included in the order of separation of witnesses.

Trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 826.