**In the Matter of the Petition of Penny G. MEYER for Change of Name of Sarah Belle Blank to Sarah Belle Meyer.**

**Randall BLANK, Appellant (Respondent Below),**

**v.**

**Penny G. MEYER, Appellee (Petitioner Below).**

**No. 4–184A26.**

Court of Appeals of Indiana, Fourth District.

Dec. 6, 1984.

W. Jonathan Forker, LaPorte, for appellant.

Wesley G. Kipp, LaPorte, for appellee.

CONOVER, Judge.

Randall Blank (Blank) appeals the trial court's order changing the name of his daughter from Sarah Belle Blank to Sarah Belle Meyer (Sarah).

Reversed.

ISSUES

Blank presents one issue for our review:

Was the evidence at trial sufficient to support the decision?

FACTS

Blank and his wife Penny (Penny) were divorced in 1980. Custody of Sarah, the sole offspring of their union, was awarded to Penny. The court granted visitation rights to Blank and ordered him to pay support for Sarah. To date, Blank has paid support and consistently exercised his visitation rights. On June 11, 1983, Penny married Casey Meyer (Casey) and shortly thereafter Casey petitioned to adopt Sarah. Blank refused to consent to Sarah's adoption. On July 18 Penny and Casey petitioned to change Sarah's name to Sarah Belle Meyer.

At trial Penny and Casey presented three arguments in favor of the name change:

1. Penny, Casey and Sarah all wanted the name change,

2. such change would give Sarah a more secure feeling of family unity,

3. if Sarah's name were changed it would be easier and less confusing when she started school.

There was no evidence at trial of any confusion presently because of Sarah's name, nor that she felt insecure because of it.

DISCUSSION AND DECISION

Blank contends Penny must present sufficient evidence to overcome the presumption in favor of a parent who makes support payments and opposes the name change, as provided by IND.CODE 34–4–6–

4(d),[1] before the "best interest of the child" rule is controlling. Penny, in the antithesis, contends the "best interest of the child" rule takes precedence over any presumption. We disagree with both contentions, however.

As both Penny and Blank recognize, this case is one of first impression in Indiana. However, they both misinterpret the meaning of the presumption. If, as Penny contends, the presumption is entirely overshadowed by the "best interest of the child" rule, then its inclusion in the statute would have been devoid of meaning. And if, as Blank contends, the presumption first must be overcome before the court will be guided by the best interest of the child rule, then our legislature has created a statute which could be applied against the best interest of a minor child. Neither interpretation would serve the intent of the legislature in passing this statute.

■■■ When interpreting a statute, a court should strive to achieve the intent of the legislature. *Marion County Department of Public Welfare v. Methodist Hospital of Indiana, Inc.*, (1982) Ind.App., 436 N.E.2d 123, 126; *Trustees of Indiana University v. County Department of Public Welfare of Kosciusko County*, (1981) Ind. App., 426 N.E.2d 74, 75. It is clear the legislature intended the best interest of the child in change of name actions should be protected. In that regard, the presumption created by the legislature is it is in the best interest of the child to retain the name of the parent who makes support payments and fulfills other duties imposed by a dissolution decree, if such parent objects to the proposed name change. To prevail in such an action, then, the petitioning party must overcome that presumption. This is not to say, as Blank posits, such presumption must be overcome before the best interest of the child is relevant. Rather, the best interest of the child is always the primary concern with merely a presumption the supporting parent's position is in the best interest of the child.

■■ Unlike an adoption proceeding where parental rights are severed or change of custody proceedings where the custodial relationship of the parents is reversed, a name change proceeding does not substantially affect the parental relationship. Such proceeding affects only the name by which the child will be known. The parent will be no less the parent if the name is changed, will have no fewer visitation rights, and no lesser voice in the upbringing of the child. To overcome statutory presumption in a change of name proceeding, then, does not require a substantial change in circumstances as in a change of custody proceeding nor does it require a showing of abandonment or desertion as in an adoption proceeding. Rather, it merely requires evidence to rebut the prima facie proof, provided by the statutory presumption, the retention of the existing name is in the best interest of the child.

■■ The relationship between parent and child is a bundle of human rights of fundamental importance. Our courts have not hesitated to build a strong fortress around these rights. For this fortress to be vulnerable to encroachment, the one seeking to sever these rights should not only present a preponderance of proof, but such proof should be established by clear and convincing evidence. *Matter of Adoption of Thomas*, (1982) Ind.App., 431 N.E.2d 506, 512–513. While a change of name action seeks to sever but one of these parental rights rather than all of them, as an adoption proceeding does, one seeking to sever the right here in question must meet this same burden of proof, that is, the

---

**1.** IC 34–4–6–4(d) provides:

(d) In deciding on a petition to change the name of a minor child, the court shall be guided by the best interest of the child rule under IC 31–1–11.5–21. However, there is a presumption in favor of a parent of a minor child who:

(1) has been making support payments and fulfilling other duties in accordance with a decree issued under IC 31–1–11.5; and

(2) objects to the proposed name change of the child.

evidence favoring a change of name in such circumstances must be clear and convincing.

In reviewing sufficiency of the evidence questions, we neither reweigh the evidence nor judge the credibility of witnesses. We consider the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Martin v. Roberts,* (1984) Ind., 464 N.E.2d 896, 904; *Citizens Bank & Trust Co. of Washington v. Gibson,* (1984) Ind.App., 463 N.E.2d 276, 279; *First National Bank of New Castle v. Acra,* (1984) Ind.App., 462 N.E.2d 1345, 1348. We will reverse, however, if there is not substantial evidence of probative value to establish each material element of the claim. *Morrison v. State,* (1984) Ind., 462 N.E.2d 72, 74; *Royer v. Pryor,* (1981) Ind.App., 427 N.E.2d 1112, 1115; *Weenig v. Wood,* (1976) 169 Ind.App. 413, 431, 349 N.E.2d 235, 246.

The evidence at trial presented three reasons for the name change. One of these reasons was Sarah wanted it. While we have held previously the child's desire as to its surname is relevant to the issue of the child's best interest if the child is of sufficient maturity, *In the Matter of G.L.A.,* (1982) Ind.App., 430 N.E.2d 433, 434, there is no showing of Sarah's maturity in this record.

The record indicates Sarah, at the time of the hearing, was four and one-half years old. She neither testified nor was she present in the courtroom during the proceedings. The only testimony as to Sarah's desires came from her mother, appellee in this action. Thus, the judge did not have the opportunity to observe the child as she expressed her desires. Even had the judge determined Sarah to be sufficiently mature to make a reasoned choice, her testimony would be immediately suspect because of the possibility of undue influence by her mother. In Indiana, the domestic relationship between parent and child raises a presumption of undue influence. *Hunter v. Milhous,* (1973) 159 Ind. App. 105, 124, 305 N.E.2d 448, 460; *Keys v. McDowell,* (1913) 54 Ind.App. 263, 269, 100 N.E. 385, 387. This presumption would be particularly strong in a domestic suit where the court is asked by the custodial parent to rely on the testimony of a child of only four and one-half years of age thus making the reliability of any such testimony highly suspect. Thus, Sarah's purported desires as related by her mother do not meet the required clear and convincing standard.

The other reasons for the name change were (a) it would be easier for Sarah in school if she had the same name as her mother and stepfather, and (b) having the same name as her mother and stepfather would give Sarah a more secure feeling of family unity. No substantive evidence to support these reasons was introduced, however. The record shows only generalized allegations by Penny these results would inure from the name change. Mere unsupported assertions by a party are not substantive evidence. *See, Coghill v. Badger,* (1982) Ind.App., 430 N.E.2d 405, 406–407. There was no showing Sarah presently lacked a feeling of family unity by having a last name different from her mother's or she was in any way troubled by her last name. Absent any facts to rebut the statutory presumption in favor of retaining Sarah's present name, the order of the trial judge must be reversed.

Reversed.

YOUNG, J., concurs.

MILLER, P.J., concurs in result.