**In the Matter of the Change of Name of J.N.H., a Minor,**

**To: J.N.B.,**

**T.J.B., as Mother, Petitioner–Appellant,**

v.

**G.A.H., Respondent–Appellee.**

**No. 71A03–9507–CV–224.**

Court of Appeals of Indiana.

Dec. 29, 1995.

---

.    .    .    .    .

Frederick B. Ettl, South Bend, for appellant.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner T.J.B. appeals from the denial of her petition to change the name of her minor son, J.N.H., to J.N.B. The facts relevant to appeal are summarized below.

J.N.H. was born to T.J.B. on November 2, 1991. His father is believed to be G.A.H. T.J.B. and G.A.H. have never been married. No proceedings have been initiated by either party to establish G.A.H.'s paternity of J.N.H. Also, no tests have been conducted to establish that G.A.H. is, in fact, J.N.H.'s father.

Although G.A.H. lived with T.J.B. intermittently after J.N.H.'s birth, he did not contribute to the support of J.N.H. G.A.H. is presently incarcerated. After their intermittent cohabitation and until the petition was filed, G.A.H. did not financially support or engage in significant contact with J.N.H.

T.J.B. filed a petition to change J.N.H.'s surname to hers on February 7, 1995. In her petition, in addition to the above, she alleged the change would be in J.N.H.'s best

interest because G.A.H.'s surname was placed on the birth certificate inadvertently, and that it would be difficult, awkward, and embarrassing for J.N.H. to have a name different from his mother's. The trial court denied the petition. This appeal ensued.

As restated, the sole issue on appeal is whether the trial court erred in denying the name change petition.

■■■ Ordinarily, a person is entitled to change his or her name at will as long as the decision is not motivated by a fraudulent purpose. *Petition of Hauptly* (1974), 262 Ind. 150, 312 N.E.2d 857, 859. The trial court's only duty is to determine that no fraudulent intent is involved. *Id.* The rule is modified to some extent where the individual seeking a name change is a minor.

■■■ Upon a determination of paternity, both the mother and father potentially enjoy equal legal rights as parents. *See e.g.* IND. CODE § 31–6–6.1–10 (1993 Ed.) (upon finding of paternity court shall conduct hearing to determine issues of support, custody, and visitation). Hence, it is only reasonable to allow them equal rights in the naming of the child. *Paternity of M.O.B.* (1994), Ind.App., 627 N.E.2d 1317, 1318. To this extent, Indiana case law provides that where one legal parent contests a petition filed by the other to change the name of their minor child and paternity has already been established, the trial court must determine whether a name change is in the child's best interest. *See Garrison v. Knauss* (1994), Ind.App., 637 N.E.2d 160, 162 (trial court abused discretion in granting non-marital father's petition to change minor's name pursuant to joint petition to establish paternity where evidence indicated change was not in child's best interest); *Paternity of M.O.B.*, 627 N.E.2d at 1318 (trial court abused discretion in ordering minor child assume father's surname pursuant to paternity order inasmuch as he failed to show name change in child's best interest); *D.R.S. v. R.S.H.* (1980), Ind.App.,

412 N.E.2d 1257 (trial court did not abuse discretion in granting unwed father's petition to change name done pursuant to a joint petition to establish paternity where to do so was in child's best interest). Beyond ensuring the child's continued welfare, this inquiry guarantees both parents an equal opportunity to assert their legal rights in regard to the naming of their child.

■■■ The changing of a child's name is also governed by statute. IND.CODE § 34–4–6–2 (1993 Ed.) (name change statute for minors) provides, in pertinent part:

> "(b) In the case of a parent ... who wishes to change the name of a minor child, the petition must be verified and it must state in detail the reason the change is requested. In addition, *except where a parent's consent is not required under [IND. CODE §] 31–3–1–6, the written consent of a parent, or the written consent of the guardian if both parents are dead, must be filed with the petition.*"

(Emphasis added.) IND.CODE § 31–3–1–6 (1994 Supp.) (consent to adoption statute) provides that consent to adoption is not required from "(i)(2) [t]he natural father of: (A) a child born out of wedlock whose paternity has not been established by a court proceeding other than the adoption proceeding." Thus, while the above-mentioned cases imply that inquiry into the child's best interest is necessary when the name change is sought after paternity is established, these two statutes, when read in conjunction with one another, indicate that a natural father enjoys no rights regarding the child's name until such a determination is made.

■■■ Here, G.A.H. is merely believed to be the natural father. Neither he nor T.J.B. have ever attempted to establish J.N.H's paternity. There is likewise no evidence in the record to show that during his intermittent stay with T.J.B., he acknowledged J.N.H. as his own child. It is also undisputed [1] that

---

1. G.A.H. and his mother, R.H., filed a written objection to the name change on March 28, 1995. The written objection alleged that G.A.H. is both incarcerated and mentally incompetent at the present time but wishes to both establish paternity and accept the responsibilities as

J.N.H.'s parent when physically and mentally able to do so. The written objection also disputed the allegations set forth in T.J.B.'s petition as to G.A.H.'s failure to contact J.N.H. or support him. However, no testimony or evidence whatsoever was adduced at trial on G.A.H.'s behalf or

G.A.H. has not supported or made significant contact with J.N.H. for the past several years.[2] Consequently, as T.J.B. is J.N.H's only legal parent, neither G.A.H's consent to the name change is needed, *see* IND.CODE § 34–4–6–2, nor is a trial court's inquiry into the best interest of J.N.H. appropriate under the circumstances. *Cf. Petition of Hauptly*, 312 N.E.2d at 859 (sole duty of trial court in name change is to determine whether fraudulent intent involved). Inasmuch as T.J.B.'s petition complied with IND.CODE § 31–3–1–6, nothing in the record contradicts her contention that G.A.H.'s name was placed on J.N.H's birth certificate inadvertently, and nothing in the record indicates the name change was motivated by fraud; the trial court abused its discretion in failing to grant T.J.B. her requested relief. There being error, the decision of the trial court is reversed.

Reversed.

SHARPNACK, C.J., and GARRARD, J., concur.

to support any of the allegations of the written objection. On appeal, G.A.H. has not filed an appellate brief.

**2.** We note that while imprisonment alone does not establish abandonment for instance in the context of adoption proceedings, it also does not in and of itself excuse a parent's failure to communicate with his child. For example, in *Matter of Adoption of Herman* (1980), Ind.App., 406 N.E.2d 277, 280, we noted that in some circumstances letters can be written to the child, phone calls can be made, and the imprisoned father can communicate with the child through the child's visits with the paternal grandparents. No evidence was adduced that any such effort had been made by G.A.H. to maintain regular contact with J.N.H. or that he attempted to communicate with his child through regular visitation with R.H.