**In re The CHANGE OF NAME OF Andrew Michael FETKAVICH b/n/f Linda Fetkavich Wirtz.**

No. 45A03–0602–CV–82.

Court of Appeals of Indiana.

Oct. 27, 2006.

Gojko Kasich, Hebron, D. Eric Neff, Crown Point, IN, Attorneys for Appellant.

Geoffrey G. Giorgi, Crown Point, Sophia J. Arshad, Arshad, Pangere and Warring, Merrillville, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ronald H. Van Den Heuvel ("Father") appeals from the trial court's order granting the petition filed by Linda Wirtz ("Mother") to change the name of their minor son, Andrew Michael Fetkavich ("Andrew"), to his stepfather's surname. We address three issues on review, namely:

1. Whether the trial court had jurisdiction to rule on Mother's petition.

2. Whether the trial court erred when it ordered Father to be sequestered with other witnesses until after he had testified.

3. Whether the presumption under Indiana Code Section 34–28–2–4(d) applies in this case.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On April 15, 1990, Mother gave birth to Andrew. Father and Mother were not married, but Father was named on the birth certificate as the child's father. After the birth Father paid for the uninsured expenses arising from the birth and financially supported the child. Father paid approximately $8800 annually to Mother as child support, paid rent on a duplex for Mother and Andrew, and bought household furnishings for Mother and Andrew.

In 1997, Father was adjudicated Andrew's father in a paternity action filed by Mother. In 1998, Father created an irrevocable trust to provide child support for Andrew and deposited $280,000 in the trust. The "owner" of the trust is listed as Andrew Fetkavich. Andrew has had visitation with Father ten to twenty times in his

lifetime but has not visited with Father since the summer of 2003.

Andrew has at all times resided with Mother. A relationship developed between Mother and John Wirtz, Jr., ("Stepfather"), and the couple married on October 17, 1999. Mother and Stepfather have two children together.

In June 2005, Mother filed a petition to change Andrew's last name to Wirtz.[1] On November 8, 2005, Mother filed a proof of publication, informing the trial court that, as required by statute, she had published notice of the petition during the weeks of July 19, 2005; July 26, 2005; and August 2, 2005. The trial court held a hearing on the petition on November 9, 2005. Father was represented by counsel at the hearing. The trial court granted Father's request for a separation of witnesses, but as a result of that order, and over Father's objection, the trial court ordered Father out of the courtroom until after he had testified. Andrew and Mother testified that they wished to have Andrew's name changed to Wirtz. Father testified and offered evidence in opposition to the name change.

On November 10, 2005, the trial court issued an order granting the request to change Andrew's last name to Wirtz. The trial court denied Father's motion to correct error.[2] This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Jurisdiction

Father first alleges that the trial court, Lake Superior Court, did not have subject matter jurisdiction over Andrew's name change petition. In particular, Fa-ther alleges that only circuit courts have jurisdiction to hear name change petitions. Father alleges further that the trial court lacked jurisdiction because Mother did not comply with the statutory notice requirements for name change requests. We address each contention in turn.

Father argues that name change petitions may only be heard in circuit courts. Indiana Code Section 34–28–2–1 provides that "the circuit courts in Indiana may change the names of natural persons on application by petition." And Indiana Code Section 34–28–2–2(a) provides that "[a petition for name change] may be filed with the circuit court of the county in which the person resides." Thus, Father is correct that circuit courts in Indiana have jurisdiction over name change requests.

But Indiana Code Section 33–33–45–6(a) grants general jurisdiction to the Lake Superior Court, giving the Lake Superior Court "the same jurisdiction as the Lake Circuit Court in all civil and probate cases and matters whether original or appellate." Ind.Code § 33–33–45–6(a). If the legislature had intended the circuit court to have exclusive jurisdiction over particular types of cases, it would have specifically so provided. See *Cmty. Hosps. of Ind., Inc. v. Estate of North,* 661 N.E.2d 1235, 1239 (Ind.Ct.App.1996), *trans. denied.* Thus, the Lake Superior Court had subject matter jurisdiction to preside over the petition to change Andrew's name.

Father also contends that the trial court lacked subject matter jurisdiction because Mother failed to comply with the statutory requirements for publishing no-

---

1. In the petition, Mother alleged that there were no objections to the requested name change. Two days before the November 2005 hearing on the petition, Mother filed a Statement of Clarification to inform the court that Natural Father had not executed a consent form for the name change requested.

2. Father's motion to correct error was deemed denied under Indiana Trial Rule 53.3.

tice of the name change request. Father does not cite to any authority in support of his argument that Mother's failure to comply with those requirements divested the trial court of jurisdiction. *See* Ind. Appellate Rule 46(A)(8)(a). Thus, he has waived that argument.

Waiver under the appellate rules notwithstanding, Father also waived this issue for failing to make a timely objection. Public notice of the filing of a name change petition is required by Indiana Code Section 34–28–2–3, which states in relevant part:

(a) Upon filing a petition for a name change, the applicant shall give notice of the petition as follows:

(1) By three (3) weekly publications in a newspaper of general circulation published in the county in which the petition is filed in court.

(2) If no newspaper is published in the county in which the petition is filed, the applicant shall give notice in a newspaper published nearest to that county in an adjoining county.

(3) The last weekly publication shall be published not less than thirty (30) days before the day the petition will be heard as indicated in the notice.

(b) In the case of a petition described in [Indiana Code Section 34–28–2–2(b), regarding a parent or guardian's request to change the name of a minor], the petitioner must publish the first notice of the petition not more than seven (7) days after the date the petition is filed.

Here, Mother filed the petition to change Andrew's name on June 24, 2005. Mother later filed proof of statutory publication, averring that she had published the name change request for three consecutive weeks during the weeks of July 19, 2005; July 26, 2005; and August 2, 2005. Clearly, Mother did not publish the first notice within seven days of filing the petition, as required by Indiana Code Section 34–28–2–3(b). But Mother contends that her failure to timely file such notice did not divest the trial court of subject matter jurisdiction. Rather, she argues that the failure to publish the first notice in a timely fashion affects jurisdiction over the case.

■ Jurisdiction over the particular case refers to a trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. *Allen v. Proksch*, 832 N.E.2d 1080, 1095 (Ind. Ct.App.2005). A judgment rendered by a court that lacks jurisdiction over the particular case is voidable and requires a timely objection or the lack of jurisdiction over the particular case is waived. *Id.* Here, publication of the notices does not affect the trial court's subject matter jurisdiction to hear name change petitions generally. Rather, timely publication of notices of the name change request affected the trial court's right, authority, and power to hear and decide the present case. Father argues for the first time on appeal that the trial court lacked jurisdiction. Thus, we conclude he has waived review of his contention that the trial court lacked jurisdiction over Andrew's name change petition.

**Issue Two: Sequestration of Father**

■ Father next contends that the trial court erred when it prevented him from being present in court during the hearing. In particular, Father maintains that he was not a mere witness at the hearing but that he was a party and, therefore, had a right to be in court during the hearing. We must agree.

The definition of "party" in the context of a name change proceeding is a matter of first impression for this court. "In the case of a parent or guardian who wishes to

change the name of a minor child, ... the written consent of a parent ... must be filed with the petition." Ind.Code § 34–28–2–2(b). "Before a minor child's name may be changed, the parents or guardian of the child must be served with a copy of the petition as required by the Indiana trial rules." Ind.Code § 34–28–2–2(c). The name change statutes also require notice of the name change petition by publication. Ind.Code § 34–28–2–3(a) through -(c). The published notice shall, in part, provide that "any person has the right to appear at the hearing [on the name change petition] and to file objections." Ind.Code § 34–28–2–3(c)(6). In the event that a parent or guardian objects to the name change, the trial court shall set a hearing on the petition. Ind.Code § 34–28–2–4(c).

■ In sum, the name change statutes provide who may file a name change petition, who shall be listed in the petition, who shall receive notice of the petition, and who may participate in the hearing on the petition. Those statutes do not require both parents of a minor child to be named as parties in a petition to change the minor's name. But that does not mean that both parents are not parties to the action. A father and mother enjoy equal rights with regard to naming their child. *See Tibbitts v. Warren*, 668 N.E.2d 1266, 1267 (Ind.Ct.App.1996) ("Upon a determination of paternity, both the mother and father potentially enjoy equal legal rights as parents with regard to issues of support, custody, and visitation. I.C. § 31–6–6.1–10 (1993). We have applied this notion of equality to the naming of the child."), *trans. denied; T.J.B. v. G.A.H. (In re Name Change of J.N.H.)*, 659 N.E.2d 644, 646 (Ind.Ct.App.1995) ("Upon a determination of paternity, both the mother and father potentially enjoy equal legal rights as parents.... Hence, it is only reasonable to allow them equal rights in the naming of the child.").

Indiana Trial Rule 19, regarding joinder, defines who is a necessary party to a proceeding. That rule provides, in relevant part, that a person who is subject to service of process shall be joined as a party in the action if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may ... as a practical matter impair or impede his ability to protect that interest[.]" Ind. Trial Rule 19(A)(2)(a). As noted above, Father shares equal rights with Mother in naming Andrew. *See Tibbitts*, 668 N.E.2d at 1267; *In re J.N.H.*, 659 N.E.2d at 646. Father has not relinquished his parental rights. Father has a protectable interest in Andrew's name and a right to participate in any proceeding regarding the change of Andrew's name. Thus, Father is a necessary party to a proceeding regarding a change of Andrew's name.[3]

■ Our supreme court has stated that "[c]itation of authority is not required to sustain the proposition that a party to an action is entitled to be personally present in court when a trial is held in which he, or she, is a party of record." *Jordan v. Deery*, 778 N.E.2d 1264, 1272 (Ind.2002).[4] Absent waiver or extreme circumstances, a

3. In contrast, Stepfather is not a parent and is, therefore, a third party.

4. The supreme court in *Jordan* relied on Indiana Constitution Article I, Section 20, which provides a right to a jury trial under certain circumstances. However, the citations to authority supporting the language quoted here include cases that did not have jury trials. Thus, as inherent in the court's words, the right to be present at trial is so universally understood to exist that "citation of authority is not required to sustain the proposition...." *Jordan*, 778 N.E.2d at 1272.

party may not be excluded. *Id.* Here, Father "appear[ed]" with counsel at the hearing.[5] Although an action to change a person's name is not an adversarial proceeding in the traditional sense, Father is a necessary party who had a right to participate in the proceeding. It is reversible error to extend the separation of witnesses to those who have a substantial interest in the subject matter. *Larue v. Russell,* 26 Ind. 386, 387 (1866); *Shew v. Hews,* 126 Ind. 474, 26 N.E. 483, 484 (1891). *Accord State v. Kinder,* 259, Ind. 327, 286 N.E.2d 826, 826–27 (1972). By sequestering Father with other witnesses, the trial court deprived him of the opportunity to assist his counsel during the proceeding. As such, the trial court erred when it excluded Father from the courtroom during the hearing until he was called to testify.

Because Father was deprived of his right to be present at the hearing, we remand the case to the trial court, instruct the court to vacate the order granting Mother's request to change Andrew's last name, and direct the court to conduct a new hearing in accordance with this opinion.[6]

### Issue Three: Statutory Presumption

■ Although we do not reach the merits of the trial court's order granting Mother's petition, we must address the parties' disagreement over the applicability of the presumption in Indiana Code Section 34–28–2–4(d). The statute provides:

In deciding on a petition to change the name of a minor child, the court shall be guided by the best interest of the child rule under [Indiana Code Section] 31–17–2–8. However, there is a presumption in favor of a parent of a minor child who:

(1) has been making support payments and fulfilling other duties in accordance with a decree issued under [Indiana Code Articles] 31–15, 31–16, or [Indiana Code Article] 31–17 (or [Indiana Code Chapter] 31–1–11.5 before its repeal); and (2) objects to the proposed name change of the child.

Ind.Code § 34–28–2–4(d). Mother contends that the presumption does not apply because Andrew has never borne Father's last name and Father is not petitioning to change Andrew's name. Father argues that the presumption does apply.

We reject Mother's categorical assertion that the presumption does not apply because Andrew does not currently bear Father's name and because Father has not petitioned to change Andrew's name. Under the plain language of the statute, the presumption applies if a parent "has been making support payments and fulfilling other duties in accordance with a decree" issued under the dissolution, child support, or custody and parenting time statutes. Ind.Code § 34–28–2–4(d)(1). Whether Father has been making support payments and fulfilling other duties as contemplated in Indiana Code Section 34–28–2–4(d)(1) is a question of fact. That determination must be made on remand. After hearing the evidence, the trial court shall determine whether the presumption applies in this case, which will affect Mother's burden of proof and may also affect whether the trial court should grant Mother's petition to change Andrew's name.

---

**5.** The Chronological Case Summary states that Father "appear[ed]" at the hearing with counsel, but the record provided on appeal does not contain or reference the filing of an appearance pursuant to Indiana Trial Rule 3.1.

**6.** Because we reverse and remand for a new hearing, we need not address Father's contention that the trial court abused its discretion when it granted Mother's request to change Andrew's name.

Reversed and remanded with instructions.

DARDEN, J., and BAKER, J., concur.