Kelly DAISY, Appellant–Petitioner,

v.

Brian D. SHARP, Appellee–Respondent.

No. 46A03–0805–CV–242.

Court of Appeals of Indiana.

Feb. 26, 2009.

Amber L. Lapaich, Steven C. Snyder & Associates, Michigan City, IN, Attorney for Appellant.

William J. Nelson, Jr., Elizabeth A. Flynn, Braje, Nelson & Janes, LLP, Michigan City, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kelly Daisy ("Mother") appeals from the trial court's order denying her petition to change the name of her minor daughter, M.S., to include Mother's surname. We address two issues on review:

1. Whether Mother waived for review the issue of whether Father established the presumption set out in the minor name change statute, Indiana Code Section 34–28–2–4(d).

2. Whether Father presented sufficient evidence to establish that statutory presumption.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On June 29, 1998, M.S. was born out of wedlock to Mother and Brian Sharp ("Father"). After the child's birth, Mother and Father resided together with the child for seven years. The parties then separated, and paternity was legally established in Father. Since the separation, M.S. has resided with Mother, and Father exercises visitation.

On August 29, 2007, Mother filed a petition to change M.S.'s last name to be "Daisy–Sharp" to also reflect Mother's last name. Father filed a motion to intervene, which the trial court granted after a hearing. Father then filed an objection to the name change. At Mother's request, the court appointed a guardian ad litem for M.S., Barbara A. Transki.

On March 13, 2008, the court held a contested hearing on Mother's name change petition. At the conclusion of the hearing, the trial court denied the petition and issued a written order on the same date. On April 4, 2008, Mother filed a motion to correct error and a motion for relief from judgment. On April 9, 2008, the court denied both motions. Mother now appeals.

### DISCUSSION AND DECISION

#### Standard of Review

Mother appeals following the trial court's denial of her motion to correct error. The trial court's decision on a motion to correct error comes to an appellate court cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its dis-

cretion. *Petersen v. Burton,* 871 N.E.2d 1025, 1028 (Ind.Ct.App.2007). A trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to the law. *Id.* In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* "Instead, we look at the record to determine if: (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's order has been made by the appellant." *Id.* (quoting *Page v. Page,* 849 N.E.2d 769, 771 (Ind.Ct.App. 2006)).

### Issue One: Waiver

Father contends that Mother waived the issue of whether he established the statutory presumption in Indiana Code Section 34–28–2–4(d) by failing to raise it at the hearing or in her motion to correct error. We must disagree.

■ Indiana Code Section 34–28–2–4 governs when a parent seeks to change the surname of his or her minor child. That statute provides, in relevant part:

In deciding on a petition to change the name of a minor child, the court shall be guided by the best interest of the child rule under [Indiana Code Section] 31–17–2–8. However, there is a presumption in favor of a parent of a minor child who:

(1) has been making support payments and fulfilling other duties in accordance with a decree issued under [Indiana Code Articles] 31–15, 31–16, or [Indiana Code Article] 31–17 (or [Indiana Code Chapter] 31–1–11.5 before its repeal); and

(2) objects to the proposed name change of the child.

Ind.Code § 34–28–2–4(d). For the presumption to apply, Father had the burden of establishing at the hearing that he has been making support payments and fulfilling other duties in accordance with a paternity decree. *See id.* The statute speaks for itself. At the hearing, to preserve error it was not necessary for Mother to call attention to any failure by Father to establish the statutory presumption. And the trial court did not offer the parties time to make closing arguments. Therefore, we conclude that Mother did not waive the issue for appeal by failing to raise it at the hearing.

■ Mother also did not waive the issue by failing to adequately raise it in her motion to correct error. In that motion, Mother argued that (1) the trial court erred when it considered the factors in Indiana Code Section 31–17–2–8 in deciding whether to grant the name change petition;[1] (2) the statutes regarding name changes do not apply in this case because they address a biological father's right to have his child carry his name, and the child in this case does and, if the petition were granted, would continue to carry Father's name; and (3) the judgment "is contrary to the evidence[, including the child's wishes as reported by the guardian ad litem,] and to the logical application of the current law to the petition filed which does not seek to supplant the biological father's name, but only to include the biological mother's name[.]" Appellee's App. at 9–10. In other words, Mother argued that Indiana Code Sections 31–17–2–8 and 34–28–2–4 do not apply in this case and, alternatively, that the evidence shows that the best interest of the child would be

---

1. We observe that Mother's contention in this regard is incorrect. Indiana Code Section 34–28–2–4(d) states that "the trial court shall be guided by the best interest of the child rule under IC 31–17–2–8" when deciding a petition to change the name of a minor child.

served by granting the petition. Although Mother did not specifically address in her motion to correct error whether Father had established the statutory presumption, we conclude that the arguments in her motion to correct error are sufficient to avoid waiver.

### Issue Two: Statutory Presumption

Mother contends that the trial court abused its discretion when it denied her petition to change the name of the parties' daughter. Specifically, Mother contends that the trial court abused its discretion in finding that Father had established the presumption set out in Indiana Code Section 34–28–2–4(d). We must agree.

"A father and mother enjoy equal rights with regard to naming their child." *In re Fetkavich,* 855 N.E.2d 751, 755 (Ind.Ct.App.2006) (citing *Tibbitts v. Warren,* 668 N.E.2d 1266, 1267 (Ind.Ct. App.1996), *trans. denied; J.N.H. v. G.A.H. (In re Name Change of J.N.H.),* 659 N.E.2d 644, 646 (Ind.Ct.App.1995)). Again, the name change statute provides that the court, when ruling on a petition to change the child's name, is guided by the best interest of the child. Ind.Code § 34–28–2–4(d). But that statute also provides for a presumption in favor of a parent who objects to the name change and "has been making support payments and fulfilling other duties in accordance with a decree issued under [Indiana Code Articles] 31–15 [dissolution decrees], 31–16 [support orders], or [Indiana Code Article 31–17] [cus-

tody and parenting time orders].... " Ind. Code § 34–28–2–4(d).

"[T]he presumption created by the legislature [at Indiana Code Section 34–28–2–4(d) ] is [that] it is in the best interest of the child to retain the name of the parent who makes support payments and fulfills other duties imposed by a dissolution[, support, or parenting time] decree, if such parent objects to the proposed name change." *In re Petition of Meyer,* 471 N.E.2d 718, 720 (Ind.Ct.App.1984). But the "best interest of the child is always the primary concern with merely a presumption," if established by competent evidence, that the child's best interest is served in accordance with the wishes of the noncustodial parent who is paying support and is complying with a decree that defines the parent's obligations.[2] *Id.; see also Petersen,* 871 N.E.2d at 1028. The noncustodial parent may invoke the presumption by proving that he or she is paying support and is fulfilling other court-ordered parental duties. *In re Meyer,* 471 N.E.2d at 720; *see also Schultz v. Ford Motor Co.,* 857 N.E.2d 977, 985 (Ind.2006) ("A presumption ... relieves the party with the burden of proof on a presumed fact from having to produce evidence of the presumed fact once that party has proved a basic fact.").

Here, Mother argues that Father presented no "evidence as to the date any decree was entered with a court and the content of any such decree" or that he was " 'fulfilling other duties in accordance with a decree.' "[3] Appellant's Brief at 5–6

---

**2.** Specifically, the court in *In re Meyer* held that there is "merely a presumption [that] the *supporting parent's* position is in the best interest of the child." *Id.* The court's immediately preceding statement defines the presumption as establishing the best interest of the child according to the sentiments of the parent who is paying support. Thus, the

"supporting parent" refers to the parent who pays support, not the parent proposing the name change.

**3.** Mother also contends that "no evidence was presented whether there was a paternity decree...." Appellant's Brief at 5. But Father testified that "paternity wasn't established till, till [Mother and Father] split up." Transcript

(quoting Ind.Code § 34–28–2–4(d)). Father testified that paternity had been established two years earlier, when he and Mother separated, and that he "pay[s] support regular." Transcript at 47. But Father did not offer into evidence a copy of a paternity decree or any other decree setting out his parental obligations, nor did he testify as to any parenting time schedule or other duties assigned to him under such a decree. Because Father offered no evidence of his obligations under the paternity or other decree or that he had complied with it, we conclude that Father did not establish the presumption in Indiana Code Section 34–28–2–4(d).

The dissent argues that Father has established the statutory presumption based on evidence that Father "pays support regularly, paid for the medical expenses for M.S.'s birth, attends many of M.S.'s activities, enjoys regular parenting time with M.S., and takes M.S. on weekend trips." Op at 634. The language quoted by the dissent from *Petersen v. Burton,* 871 N.E.2d 1025 (Ind.Ct.App.2007), and *Tibbitts v. Warren,* 668 N.E.2d 1266 (Ind.Ct. App.1996), *trans. denied,* addresses evidence establishing the best interest of the child, not the statutory presumption. The statutory presumption did not apply in those cases, where the father, the noncustodial parent, was the parent who sought the name change. And in *Blank v. Meyer,* 471 N.E.2d 718 (Ind.Ct.App.1984), the court stated as background that the father, who opposed the proposed name change, had been paying support and exercising visitation. But the court did not discuss what evidence supported that conclusion, nor did the mother contest the establishment of the statutory presumption. Instead, the court's opinion explained the relationship between the statutory presumption and the best interest of the child

at 37. Thus, Mother's contention in this regard is without merit.

standard and then simply concluded that the mother had not rebutted the presumption that the father's wishes were in the best interest of the child. *Id.* at 721.

Again, a non-custodial parent who objects to the name change of his child establishes the statutory presumption by showing his compliance with court-ordered obligations. While the evidence cited by the dissent shows that Father has paid support and spent time with M.S., there is no evidence in the record showing what Father's court-ordered obligations were. Father's payment of birthing expenses predates the paternity decree and, therefore, also does not assist to establish the statutory presumption.

The court ruled as follows on Mother's petition to change the name of the parties' minor daughter:

Evidence and argument heard. The Court finds that there is not enough evidence based on I.C. 31–17–2–28 that has been presented to this Court to rebut the presumption that the legislature statute [sic] in the law of the State of Indiana, I.C. 34–28–2–4(d), has established. Therefore, the Court finds that Petition is hereby denied.

Appellant's App. at 3. By finding that Mother had not rebutted the presumption set out in Indiana Code Section 34–28–2–4(d), the court implicitly found that Father had presented evidence to establish that presumption. We have already concluded that Father did not establish that presumption. As such, the trial court holding was contrary to law when it denied Mother's petition based on Mother's failure to rebut the presumption, and we must remand. We instruct the court on remand to reweigh the evidence presented at the March 13, 2008, hearing, but without a presumption in favor of Father, to deter-

mine the best interest of the child.[4] Mother may prevail on her petition if she proves that the proposed name change is in the best interest of the child. The best interest of the child is a question of fact. *See* Ind.Code § 31–17–2–8. And, again, the evidence favoring the proposed name change must be clear and convincing. *See In re Meyer*, 471 N.E.2d at 720.

## CONCLUSION

In summary, we conclude that Mother has not waived review of whether Father established the presumption in Indiana Code Section 34–28–2–4(d). Father bore the burden of establishing the presumption if he wished to invoke it. Mother was not obligated to point out defects in Father's case at the hearing. And in her motion to correct error, Mother argued that the trial court had misapplied the name change statute. That argument was sufficient to avoid waiver of whether Father had established the presumption.

We also conclude that the evidence does not support the trial court's implied finding that Father had established the presumption in Indiana Code Section 34–28–2–4(d). To invoke the presumption, the party opposing a minor's name change must show that he is paying support and fulfilling his parental duties as ordered by a dissolution, child support, custodial decree, or parenting time decree. Ind.Code § 34–28–2–4(d). Father testified that he is paying support and that he had established paternity. But he offered no testimony or other evidence regarding the

contents of the paternity decree, any obligations imposed upon him under such a decree, and whether he was in compliance with that decree. Thus, Father failed to prove the statutory presumption. As a result, we reverse the trial court's order denying Mother's name change petition and remand for the trial court to reconsider the evidence from the March 13, 2008, hearing, in order for the court to determine whether Mother has proved, without regard to the statutory presumption, that the proposed name change is in the child's best interest.

Reversed and remanded.

MAY, J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the evidence does not support invoking the statutory presumption in favor of Father created by Indiana Code section 34–28–2–4(d).

Indiana Code section 34–28–2–4(d) provides that in deciding the best interests of the child for purposes of a petition to change the name of a minor child, the trial court shall be guided by the best interests of the child rule under Indiana Code section 31–17–2–8 modified by a presumption in favor of a parent of a minor child who "has been making support payments and fulfilling other duties in accordance with a decree issued under IC 31–15, IC 31–16, or IC [31–]17 [5] . . . and objects to the pro-

---

4. In this regard, we note that the proposed name change here does not seek to remove Father's name from the child's surname. Instead, Mother seeks to add her own last name to the child's surname. Mother has carried the last name of Daisy, both professionally and personally, for the last twelve years consecutively and first took that name upon her first marriage twenty years ago. Father's

counsel argued at the hearing that Mother is seeking to give the parties' daughter "the name of Ms. Daisy's ex-husband." Transcript at 39. But the name Mother seeks to add is her own surname, even though she took that name in a prior marriage.

5. There appears to be a typo in the enacted text of the statute omitting the title number. Indiana Code article 31–15 refers to decrees

posed name change of the child." "Whether [a parent] has been making support payments and fulfilling other duties as contemplated in Indiana Code section 34–28–2–4(d) is a question of fact." *Fetkavich,* 855 N.E.2d at 756. Once a parent proves the basic fact of making support payments and fulfilling other court imposed parental duties, the presumption imposes upon the opposing party the burden of producing evidence to rebut or meet the presumption. Indiana Evidence Rule 301; *Schultz v. Ford Motor Co.,* 857 N.E.2d 977, 985 (Ind.2006). Once established, the presumption has a continuing evidentiary effect and the opposing party must present clear and convincing evidence favoring a change of name to rebut the presumption. Evid. R. 301; *In re Petition of Meyer,* 471 N.E.2d 718, 720–21 (Ind.Ct.App.1984).

In other words, Father bears the burden of presenting evidence sufficient to raise the presumption. Once Father has met his burden, Mother may either present contrary evidence to defeat the presumption or may produce evidence of the best interests of the child sufficient to overcome the presumption. In determining the applicability of the presumption, this court has considered whether the parent has paid support, consistently exercised visitation rights and was involved in the child's life. *See Meyer,* 471 N.E.2d at 719 (noting evidence that father has "paid support and sufficiently exercised his visitation rights"

established presumption and mother did not present sufficient evidence to rebut the presumption); *see also Tibbitts v. Warren (In re Paternity of Tibbitts),* 668 N.E.2d 1266, 1268–69 (Ind.Ct.App.1996) (where father sought to change child's surname this court considered evidence that the father pays child support, has visitation, and is involved in the child's life and held that it was not an abuse of discretion for the child to receive the father's surname), *trans. denied.*

"In reviewing sufficiency of the evidence questions, we neither reweigh the evidence nor judge the credibility of witnesses." *Meyer,* 471 N.E.2d at 721. "We consider the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom." *Id.* The trial court determined that Father presented sufficient evidence to trigger the statutory presumption, and there is evidence in the form of Father's testimony to support the trial court's finding. However, the majority's opinion requires a non-custodial parent to present absolute proof of compliance with support payments and all other related decrees. Such a burden of proof requires the trial court to *presume* that the non-custodial parent is in violation of such court orders. Such a negative presumption does not comply with the recognized public policy of "building a strong fortress around" the relationship between parent and child. *Id.* "For this fortress to be

issued pursuant to dissolution proceedings. Indiana Code article 31–16 refers to support decrees. The logical progression of the text should be to Indiana Code article 31–17 that refers to custody and visitation decrees. The statute could not refer to Indiana Code title 17, because that title previously referred to County and Township Government and has been repealed in its entirety.

The statute also omits reference to Indiana Code article 31–14, which refers to support, custody, and visitation orders issued with respect to paternity actions. This latter omis-

sion could raise the issue of whether the presumption should apply in this case at all, although prior decisions of this court would seem to foreclose the issue. *See Petersen v. Burton,* 871 N.E.2d 1025 (Ind.Ct.App.2007) (analyzing application of the presumption in the context of paternity proceedings); *In re Name Change of Fetkavich,* 855 N.E.2d 751 (Ind.Ct.App.2006) (analyzing application of presumption where father of child born out of wedlock challenged name change sought by biological mother).

vulnerable to encroachment, the one seeking to sever these rights should not only present a preponderance of proof, but such proof should be established by clear and convincing evidence." *Id.* Of the special nature of a child born out of wedlock bearing the name of the biological father this court has said:

> [B]ecause of the unique nature of the father-child relationship, a relationship that is not apparent from the onset when it involves a [child born out of wedlock], many benefits flow to the child [carrying the father's name] both tangible and intangible.
>
> [The] indicators that complying with the Father's request is in the child's best interest are that he does pay support, has visitation and participates in the life of his child. Moreover, he wants the child to share his name. *This is conduct that society wants to encourage of men who father children outside of marriage.*
>
> Although we are not saying that in every case of a [child born out of wedlock], the child should receive the surname of the father whose paternity has been established, it is not an abuse of discretion for the child to receive the father's surname when there is evidence that the natural father acknowledges and supports his [child], takes an interest in the child's welfare, and there are no factors which would make taking the father's name against the child's best interests.

*Tibbitts,* 668 N.E.2d at 1269. I cannot agree with the majority's requirement that Father present absolute proof of compliance in order to trigger the statutory presumption, especially where, as here, Mother presented no evidence whatsoever to rebut Father's testimony that he was meeting his court ordered obligations.

Sufficient evidence before the trial court established that Father met the statutory requirements to raise the presumption. The evidence demonstrated that Father pays support regularly, paid the medical expenses for M.S.'s birth, attends many of M.S.'s activities, enjoys regular parenting time with M.S., and takes M.S. on weekend trips. Although neither party presented evidence of Father's exact compliance with specific court orders, this court has not discussed such specific evidence in its prior decisions nor have we required perfect performance. *See, e.g., Petersen,* 871 N.E.2d at 1031 ("Father's parenting, while admittedly not perfect, has improved significantly.... He provides consistent financial support for his son, and he exercises regular visitation."); *Tibbitts,* 668 N.E.2d at 1269 ("natural father acknowledges and supports his [child], [and] takes an interest in the child's welfare"); *Blank,* 471 N.E.2d at 719 ("Blank has paid support and consistently exercised his visitation rights."). In light of this court's prior decisions, I would hold that Father has presented sufficient evidence to raise the statutory presumption. The burden of going forward, then, falls to Mother who has presented no evidence that Father is not making support payments and complying with court decrees and therefore has failed to rebut the application of the presumption. Beginning with the presumption, the trial court proceeded to analyze the best interests of M.S. and found that "there is not enough evidence based on 31–17–2–8 that has been presented to this Court to rebut the presumption that the legislature [sic] statute allow [sic] that State of Indiana under 34–28–2–4(D) has established." The evidence supports the trial court's findings.[6]

---

6. In her Brief of Appellant, Mother argues

only that the evidence does not support the

M.S. is less than 14 years of age; thus, her wishes are entitled to less consideration. Additionally, M.S. indicated to the guardian ad litem that while she desires the name change, she would be content either way. M.S. is well adjusted, does well in school, is active in extracurricular activities and has several friends. No evidence suggests that any of this would change based on the status of M.S.'s last name.

Finally, I also disagree with the majority's decision to remand this case for the trial court to reevaluate Mother's evidence "without regard to the statutory presumption." In essence, the majority gives Mother a second opportunity to prove her case, while at the same time, depriving Father of a second opportunity to establish that he meets the statutory presumption. At the very least, I would remand this issue to the trial court to hear further evidence from both parties regarding the applicability of the statutory presumption. However, because I believe sufficient evidence supports the trial court's findings that Father is entitled to the statutory presumption and that a change of name is not in the best interests of the child, I would affirm.

trial court's decision to invoke the statutory presumption. In her Reply Brief, Mother adds a second argument that "there was sufficient evidence to support that the name change was in the best interest of [M.S.], and the trial court abused its' [sic] discretion in this matter." Reply Brief at 6. However, on review, we consider only whether the trial court's actual decision is against the logic and effect of the facts and circumstances before it, not whether the evidence might support an alternate decision. *See Petersen*, 871 N.E.2d at 1028.