# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 7:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy L. Green
Camden & Meridew, P.C.
Fishers, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of: L.M.E. | June 30, 2016 |
| | Court of Appeals Case No. 49A02-1512-JP-2075 |
| Gregory A. Edwards, *Appellant-Respondent,* | Appeal from the Marion Circuit Court Paternity Division |
| v. | The Honorable Sheryl Lynch, Judge |
| Toni Kelly, *Appellee-Petitioner.* | Trial Court Cause No. 49C01-0709-JP-39810 |

**Bailey, Judge.**

# Case Summary

Gregory Edwards ("Father") and Toni Kelly ("Mother") appeared at a parenting time hearing and the trial court issued an order regarding parenting time and child support, but declined to address Father's oral motion regarding custody modification. Father appeals, presenting a single re-stated issue of whether the trial court abused its discretion by deferring consideration of custody and directing Father to file a petition for modification. We affirm.

# Facts and Procedural History

On September 12, 2014, Mother filed a petition to modify Father's parenting time. After an initial hearing, the parents mediated their dispute. They appeared at a final hearing on November 5, 2015. Mother advised the trial court that she was agreeable with the mediator's recommendation, specifically, that Father should have parenting time consistent with the Indiana Parenting Time Guidelines ("Guidelines").

Father, by counsel, responded that he was not in agreement with that recommendation. Counsel stated that Father now sought joint custody. The trial court, noting the lack of a custody modification petition, advised the parties that a petition was needed "for us to be prepared to talk about that … everyone has to be on notice for what everyone is requesting." (Tr. at 5-6.)

[4] The trial court issued an order that Father have parenting time consistent with the Guidelines. This appeal ensued.[1]

# Discussion and Decision

[5] Father asserts that the trial court was not restricted to hearing evidence on parenting time, and should have allowed him to proceed with his evidence in support of custody modification. A trial court has wide latitude in determining what is in the best interests of the child or children involved. *Akiwumi v. Akiwumi*, 23 N.E.3d 734, 739 (Ind. Ct. App. 2014). We review its decisions in family law matters for an abuse of discretion. *Daisy v. Sharp*, 901 N.E.2d 627, 629 (Ind. Ct. App. 2009). A trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to the law. *Id.*

[6] Father observes that the best interests of the child is always paramount, and he directs our attention to two cases in which the trial court ordered relief arguably broader than that contemplated by the pleadings.

[7] *In re the Paternity of Snyder*, 26 N.E.3d 996 (Ind. Ct. App. 2015), was an appeal from an order maintaining the status quo of therapeutic visitation for one hour

---

[1] Mother has not filed an appellee's brief. Thus, we review for prima facie error, that is, error "at first sight, on first appearance, or on the face of it." *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252. Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Mikel v. Johnson*, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

weekly, allowing the father communication via Skype, and denying the father's requests to change therapists and tell the child he is her biological parent. The order was affirmed in part and reversed in part on appeal. *Id.* at 997. Legal proceedings involving the parents had commenced when the mother obtained a protective order against the father. *See id.* One year later, the father sought to establish his paternity and the trial court ultimately ruled on several matters, including child support, a request for a name change, tax exemptions, parenting time, therapy, and parenting time restrictions.

[8] *Farrell v. Littell*, 790 N.E.2d 612 (Ind. Ct. App. 2003), involved a case where the father had asked the trial court to find the mother in contempt for withholding child visitation. After a hearing, at which the mother defended the contempt allegation by alleging the father had sexually abused their child, the juvenile court suspended visitation pending a parental evaluation. *Id.* at 615. A panel of this Court reversed the order for lack of a specific finding to support a parenting time restriction. *Id.* at 618.

[9] It is unclear how these decisions support Father's contention that the trial court erred here. We agree with Father that the child's interests are paramount and that a trial court addressing a family law matter may be asked to consider evidence not directly implicated by notice pleading.[2] Undoubtedly, at times a

_____

[2] Under notice pleading, consistent with Indiana Trial Rule 8(A), a plaintiff essentially need only plead the operative facts involved in the litigation. *Grzan v. Charter Hosp. of N.W. Ind.*, 702 N.E.2d 786, 794 (Ind. Ct. App. 1998). Whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified so as to be prepared to meet the claim. *Id.*

trial court will find that expansion of the issues identified in pleadings or motions is appropriate to immediately address the best interests of a child. However, the trial court should not, as a matter of course, conduct the proceedings in a manner that deprives a parent of notice and opportunity to respond. As we observed in reversing a trial court's sua sponte modification of physical custody in *Bailey v. Bailey*, 7 N.E.3d 340, 345 (Ind. Ct. App. 2014):

> The parties never discussed or argued whether there had been a change of circumstances related to any of the statutory factors warranting a custody modification or whether there was a change in the children's best interests. Mother had no warning that she had to make an argument that such circumstances were lacking or that a change was not in the children's best interests or that she had to present evidence on those issues.

[10] Here, the trial court did not deprive Father of the opportunity to seek custody modification. Rather, the trial court directed Father to file a petition, such that Mother would be afforded notice and an opportunity to prepare her evidence. Indeed, it would have been much more efficient for Father to simply file a modification petition than to perfect an appeal. He has demonstrated no abuse of discretion by the trial court.

[11] Affirmed.

Bradford, J., and Altice, J., concur.