**FOR PUBLICATION**



FILED
Apr 22 2014, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELDON E. STOOPS, JR.**
Law Offices of Eldon E. Stoops, Jr.
North Manchester, Indiana

ATTORNEY FOR APPELLEE:

**KRISTINA L. LYNN**
Lynn & Stein, P.C.
Wabash, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHELLY BAILEY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 25A04-1309-DR-452 |
| | ) | |
| LANCE BAILEY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE FULTON CIRCUIT COURT
The Honorable Richard Maughmer, Special Judge
Cause No. 25C01-0910-DR-467

**April 22, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Shelly Bailey ("Mother") appeals the trial court's modification of physical custody of her children in favor of Lance Bailey ("Father"). We reverse and remand.

**Issue**

The sole issue we address is whether the trial court erred in modifying custody when neither party requested a modification of custody.

**Facts**

Mother and Father have two children from their marriage, born in 2007 and 2009. The marriage was dissolved in March 2010. In the final dissolution decree, Mother and Father were granted joint legal custody of the children. Mother was granted primary physical custody, with Father having age-appropriate visitation according to the Indiana Parenting Time Guidelines, with one additional weeknight visitation per week.

The parties had numerous disagreements, primarily regarding their children. In September 2011, Father filed a petition to modify custody, which the trial court denied in April 2012. In May 2012, the trial court ordered the parties to participate in mediation to resolve their numerous disputes. That attempt was unsuccessful. In August 2012, Father filed a contempt petition against Mother, alleging she had failed to pay a marital debt. In December 2012, Mother unilaterally began denying Father's visitation with the children, based on concerns about the children's behavior that she blamed on Father and other alleged misbehavior by Father. In that same month, Mother filed a petition to restrict Father's visitation. Father responded with a petition to hold Mother in contempt for

unilaterally restricting his visitation. Mother later filed a contempt petition of her own against Father, claiming he had not participated in mediation as ordered.

The trial court held a hearing to address Father's two contempt petitions, Mother's contempt petition, and Mother's petition to restrict visitation. The parties presented evidence and testimony regarding Mother's unilateral decision to restrict visitation and alleged incidents surrounding that decision, as well as the unpaid marital debt. Father testified, denied any wrongdoing, and stated that he wanted to be granted makeup visitation days for visitation Mother had withheld, but at no time did he state that he wanted shared physical custody of the children or any kind of modification of the existing physical custody arrangement. At the conclusion of the hearing, the trial court asked the attorneys, "do I have the ability to enter a Parallel Parenting Time Order based upon the pleadings that are before the Court?" Tr. p. 184. Counsel for Mother agreed that the trial court had that power.

On May 23, 2013, the trial court entered an order with sua sponte findings in which it concluded in part that Mother and Father "shall both have joint physical and legal custody" of the children. App. p. 16. It directed that the parties would alternate weeks having physical custody of the children. The order also found that Mother and Father were "high conflict parents as defined in the Indiana Parenting Time Guidelines" and entered various provisions as outlined in the Parallel Parenting Time section of those Guidelines, including requiring the use of a communication notebook by the parents to keep each other apprised of the children's education, health care, and activities. Id. The trial court did not find either party in contempt, and it did not award makeup parenting time to Father.

Mother filed a motion to correct error, arguing that the trial court should not have modified physical custody in the absence of any request by either party to do so. The trial court denied the motion, stating in part, "Under the parallel parenting time order issued by this court 23 May 2013, the court gave both parents legal and physical custody . . . ." Appellee's App. p. 3. Mother now appeals.

**Analysis**

Trial courts are prohibited from modifying a child custody order unless "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter." Wilson v. Myers, 997 N.E.2d 338, 339-40 (Ind. 2013) (quoting Ind. Code § 31-17-2-21(a)). Factors to consider in deciding whether to modify custody include whether there has been a substantial change related to the child's age; the wishes of the parent(s); the child's wishes; the relationship the child has with his or her parent(s), sibling(s), and others; the child's adjustment to home, school, and community; the mental and physical health of all involved; any evidence of domestic or family violence; and any evidence that the child has been cared for by a de facto custodian. Id. at 340 (citing I.C. § 31-17-2-8)). A party seeking modification of custody bears the burden of demonstrating that the existing arrangement is no longer in the best interests of the child and that there has been a substantial change in one or more of the enumerated statutory factors. Id. at 340. We review custody modifications for an abuse of discretion and must grant latitude and deference to trial courts in family law matters. Id. (quoting K.I. ex rel. J.I. v. J.H., 903 N.E.2d 453, 457 (Ind. 2009)).

4

As demonstrated in Wilson, one way in which a trial court may abuse its discretion in modifying custody is if it fails to follow proper procedure in issuing that order. The trial court in that case modified child custody after conducting a summary hearing that was devoid of any sworn testimony or any semblance of formal courtroom procedure. The trial court's order also failed to make any mention of whether there had been a substantial change in circumstances or whether modification of custody was in the children's best interests. Our supreme court reversed the modification of custody as an abuse of discretion because the hearing had amounted to "an unorganized shouting match" and there was no indication in the trial court's order that it was issued in accordance with the statutory requirements for custody modifications. Id. at 341-42.

Here, the trial court's custody modification order suffers from an even more fundamental defect than was present in Wilson: namely, neither Father nor Mother ever requested a change of custody. Longstanding Indiana law has prohibited trial courts from sua sponte ordering a change of custody. See In re Marriage of Henderson, 453 N.E.2d 310, 315 (Ind. Ct. App. 1983) (quoting State ex rel. Davis v. Achor, 225 Ind. 319, 327, 75 N.E.2d 154, 157 (1947)). Rather, when such an important issue as the custody of children is involved, a modification generally can be ordered only after a party has filed a petition requesting such a modification, the other party has notice of the filing, and a proper evidentiary hearing is held at which both parties may be heard and the trial court fully apprised of all necessary information regarding change of circumstances and a child's best interests before deciding whether a modification should be ordered. Id. "An opportunity

5

to be heard is essential before a parent can be deprived of custody." Alexander v. Cole, 697 N.E.2d 80, 83 (Ind. Ct. App. 1998), superseded by statute on other grounds.

There may be limited instances in which a trial court could order a modification of custody in favor of one parent in the absence of a petition requesting modification. For example, if one parent files a custody modification request, a trial court may instead modify custody in favor of the other parent, even if he or she did not file a cross-petition to modify custody, where it is clear during the modification hearing that the other parent desired custody. See Meneou v. Meneou, 503 N.E.2d 902, 904-05 (Ind. Ct. App. 1987).

It also is true, pursuant to Indiana Trial Rule 15(B), that issues raised by the pleadings can be altered by the evidence adduced at trial where the parties have impliedly or expressly consented to new issues being tried. Glover v. Torrence, 723 N.E.2d 924, 934 (Ind. Ct. App. 2000). Still, a party is entitled to some notice that an issue is before the court before it will be determined to have been tried by consent. Id. at 935. Both parties must actually litigate the new issue, and a new issue may not be interjected under the pretense that the evidence was relevant to some properly pleaded matter. Id.

Father seems to contend Mother had some notice that the trial court was considering modifying custody and that she consented to such consideration.[1] He notes that Mother

---

[1] Father also seems to suggest that the trial court did not actually modify physical custody of the children, but merely increased his parenting time. We emphatically reject this suggestion. First, the trial court's order plainly states that Mother and Father "shall both have joint physical and legal custody" of the children. App. p. 16. Second, even if the trial court had phrased its order as merely representing an increase in Father's parenting time, that increase went from standard Parenting Time Guidelines visitation to the children staying with him fifty percent of the time. Such an increase is a de facto modification of custody and requires compliance with the statutes governing custody modification. See Julie C. v. Andrew C., 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010).

agreed at the conclusion of the hearing that the trial court could order a Parallel Parenting Order if it so desired. Father seems to be confusing a Parallel Parenting Order with a joint physical custody order or 50/50 visitation schedule. They are not the same. Effective March 2013, a provision allowing for the creation of Parallel Parenting Orders was added to the Parenting Time Guidelines. Such orders are intended to minimize the contact between "high conflict parents . . . at least until the parent conflict is under control."[2] Ind. Parenting Time Guidelines, § IV, Scope. To accomplish this goal, Parallel Parenting Orders provide that "each parent makes day-to-day decisions about the child while the child is with the parent" and limits communications between the parents to written or emergency contact only; such orders also are subject to mandatory review every 180 days. Id. Most importantly for purposes of this case, nothing in the new Parallel Parenting provision demonstrates any intent that it should affect the amount of parenting time awarded, except for possible elimination of mid week parenting time, makeup parenting time, and opportunities for additional parenting time that appear elsewhere in the Parenting Time Guidelines. See id. at § IV(1). In fact, there is a "model" Parallel Parenting Order appended to this provision that contains a section entitled "REGULAR PARENTING TIME" and lists either the mother or father as having "sole custody of the child" with the

---

[2] The Parallel Parenting provision also states, "Joint legal custody of children is normally inappropriate in parallel parenting situations." Ind. Parenting Time G., § IV(1). This is consistent with case law observations that joint legal custody should not be awarded when parents cannot communicate and have made child-rearing a "battleground." See Carmichael v. Siegel, 754 N.E.2d 619, 635 (Ind. Ct. App. 2001). The trial court here found that Mother and Father were "high conflict" and were unable to communicate regarding their children. Regardless, as with physical custody, neither party sought a change in their existing joint legal custody arrangement.

other parent having scheduled visitation on weekends and during the summer. Id. at § IV, Appendix.

In sum, Mother's agreement that the trial court could enter a Parallel Parenting Order was in no way a concession that the trial court could modify the children's physical custody to joint custody. Neither Mother nor Father ever filed a petition requesting a change in custody. Furthermore, neither party gave any hint during the evidentiary hearing that he or she desired a change in custody. Father, in particular, only requested that he be granted makeup visitation days and never mentioned wanting joint physical custody of the children. The parties never discussed or argued whether there had been a change of circumstances related to any of the statutory factors warranting a custody modification or whether there was a change in the children's best interests. Mother had no warning that she had to make an argument that such circumstances were lacking or that a change was not in the children's best interests or that she had to present evidence on those issues. The trial court effectively relieved Father of his burden of proving that a modification of custody was warranted. Also, the trial court's modification order, while containing a number of detailed sua sponte factual findings, makes no mention of whether there had been a substantial change of circumstances or whether modification was in the children's best interests, as required to order a custody modification. Even if such findings are not expressly required, their absence is most troubling, given the procedural irregularity of the trial court having modified custody without anyone having requested it. See Wilson, 997 N.E.2d at 341. We therefore conclude the trial court abused its discretion in sua sponte modifying physical custody of the children. See id. at 342; see also O'Campo v. O'Campo,

8

597 N.E.2d 1314, 1316 (Ind. Ct. App. 1992) (holding trial court erred in sua sponte modifying child custody obligation where issue was raised neither expressly in writing or orally, or impliedly during evidentiary hearing).

## Conclusion

We reverse the trial court's modification of physical custody of the children and remand for the trial court to make all necessary corrections to its May 23, 2013 order to reflect this reversal, including its recalculation of Father's child support obligation. The Parallel Parenting provision of that order may remain in effect, on condition that it is revised to reflect Mother's primary physical custody of the children and Father's scheduled visitation.

Reversed and remanded.

CRONE, J., concurs.

BAKER, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

SHELLY BAILEY,                )
                                     )
      Appellant-Petitioner,      )
                                     )
           vs.                  )     No. 25A04-1309-DR-452
                                   )
LANCE BAILEY,              )
                                   )
      Appellee-Respondent.    )

**BAKER, Judge, dissenting.**

I respectfully dissent. As acknowledged by the majority, "[c]ounsel for Mother agreed that the trial court had [the] power" to enter a parallel parenting time order based on the pleadings. Slip op. at 3. Guideline 3, regarding a parallel parenting time order states:

> In ordering the parties to parent according to a parallel parenting plan, the court must enter a written explanation regardless if the parties agree, indicating why the deviation from the regular Indiana Parenting Time Guidelines is necessary or appropriate. The court order shall detail the specific provisions in the plan.

Here, the trial court entered forty-three findings, including:

- Mother failed to coordinate son's counseling with Father;
- Mother unilaterally denied Father parenting time. This included Christmas and Father's birthday;
- Mother's uncles or brothers have attempted to intimidate Father when he has arrived to pick up the children for court-ordered parenting time;
- Each parent blamed the other for communication difficulties;
- Court-ordered mediation has failed;
- During the proceedings, there were approximately five contempt actions, one protective order, one request for emergency custody, one petition for modification of custody, one petition for restricted visitation, five attorneys, and two judges.

Appellant's App. p. 15-16.

In light of these events, to say that Mother and Father are "high conflict parents," id. at 16, is an understatement. Moreover, Mother agreed that the trial court had the authority to enter a parallel parenting time order, which by its very definition deviates from the parenting time guidelines. Ind. Parenting Guidelines § IV. Under these circumstances, I cannot agree with the majority that the trial court erred.

Notwithstanding this conclusion, the majority downplays the importance of parallel parenting plan orders by declaring that "for purposes of this case, nothing in the new Parallel Parenting provision demonstrates any intent that it should affect the amount of parenting time awarded, except for possible elimination of mid week parenting time, makeup parenting time, and opportunities for additional parenting that appear elsewhere in the Parenting Time Guidelines." Slip op. at 7 (emphasis in original).

In this case, the parallel parenting provision would affect the amount of parenting time for Father because he wanted makeup parenting time for the time he lost with his children

11

when Mother unilaterally chose not to permit him to see them. And he was already permitted mid week parenting time. Thus, Father's parenting time could be reduced. Indeed, under the guidelines, the trial court was somewhat constrained regarding the order it could craft.

Furthermore, the Commentary regarding parallel parenting time orders is instructive: "the best interests and safety of the children are paramount in all situations. The court should recognize the danger that one parent could unilaterally create a high conflict situation. This behavior should not be rewarded by limiting the parenting time of the other parent."

Here, I believe that the trial court strived for both the children's best interests and to prevent further destructive behavior. For these reasons, I believe the trial court's order is correct and, therefore, dissent.