## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2017, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel P. Kensinger
Shine & Hardin, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Marriage of: | March 7, 2017 |
| | Court of Appeals Case No. 35A02-1607-DR-1675 |
| Michael D. Fox, | |
| *Appellant-Petitioner,* | Appeal from the Huntington Superior Court |
| v. | The Honorable Jeffrey R. Heffelfinger, Judge |
| Melissa J. Fox, | Trial Court Cause No. 35D01-0807-DR-158 |
| *Appellee-Respondent* | |

**Baker, Judge.**

[1] Michael Fox (Father) appeals the trial court's order modifying the child custody and parenting time arrangement previously in place between Father and Melissa Fox (Mother) and ordering Father to pay child support and a portion of Mother's attorney fees. We find that the child custody modification was improper because neither party had filed a motion seeking a custody modification. We also find, however, that the trial court properly modified the parenting time arrangement and ordered Father to pay child support. Finally, we find that the attorney fee award had an improper basis and remand so that the trial court can consider the proper statutory factors and issue a new attorney fee order if it determines one is warranted. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

## Facts

[2] Father and Mother were married in April 2003. One child, J.F. (Child), was born of the marriage in March 2005. In July 2008, Father filed a petition to dissolve the marriage, and on February 27, 2009, the dissolution court approved the parties' settlement agreement. Pursuant to their agreement, Father and Mother shared joint legal and physical custody of Child. Because of the parents' work schedules—Father works second shift and Mother (at that time) worked third shift—they agreed that Father would exercise parenting time at night while Mother was at work and during the day when she was asleep; Mother exercised parenting time each weekday afternoon and while Father was at work. They also agreed to alternate weekends. Neither parent paid child support.

[3]     In August 2014, Father informed Mother that he planned to move approximately sixteen miles from his current residence in Huntington to a new residence in Fort Wayne. Father also informed Mother that, because of the move, Child would attend a new school in Fort Wayne for the 2015-16 school year. He handed Mother documentation about the new school; she accepted the paperwork and did not object to the relocation of residence or change of school. Between September 2014 and February 2015, Father attempted to initiate over ten conversations with Mother about the relocation and new school; she refused to engage, instead walking away from his attempts at communication.

[4]     On February 20, 2015, Father filed a notice of intent to relocate (the Notice). The Notice stated that Father was a relocating individual; that he had joint custody of Child; that he was moving his residence to Fort Wayne to obtain a new residence; and that the move would not have an impact on either parent's parenting time. The Notice informed Mother that, pursuant to relevant statutes, she had sixty days to object to the relocation and/or file a petition to modify custody, parenting time, and/or child support. Mother did not object or file any pleadings with the trial court within sixty days of the Notice.

[5]     On June 12, 2015, Father moved to his new residence in Fort Wayne and enrolled Child at the new elementary school. On July 28, 2015, Mother received all available back-to-school information from the new school; she offered to purchase several items from the school supplies list.

On August 9, 2015, three days before the beginning of the school year, Father received a letter from Mother's attorney objecting to the enrollment of Child at the Fort Wayne school. On August 10, 2015, Mother filed a petition to modify parenting time. In the petition, Mother claimed that the Notice did not specifically state that Father intended to move Child's residence or to change her school enrollment. Mother also argued that it was in Child's best interests to remain enrolled in the same school in Huntington that she had always attended. Furthermore, Mother argued that following Father's relocation, their former parenting time schedule was no longer workable.

Out of respect for the judicial process, Father agreed to continue to send Child to her former elementary school until the litigation was concluded. The hearing on Mother's motion was continued. Father hoped to enroll Child in the Fort Wayne elementary school for the second semester of the school year, so on December 11, 2015, he filed a motion for selection of school, asking the trial court to rule on or at least schedule a hearing on the issue before the start of the second semester. The trial court declined, and Child attended the Huntington school for the remainder of the school year.

On March 15, 2016, a hearing was held on Mother's petition to modify parenting time and Father's motion for selection of school. At the beginning of the hearing, the trial court indicated its intention to treat the motion for modification of parenting time as a motion to modify custody. Attorneys for both Father and Mother stated that there was no request to modify custody before the trial court and that counsel had prepared for a modification of

parenting time hearing rather than for a modification of custody hearing. Tr. p. 2-10. After hearing evidence from both sides on the issues of parenting time and school selection, the trial court took the matter under advisement. On May 5, 2016, the trial court issued its order. Among other things, it ordered as follows:

- Mother is granted primary physical custody of Child. Father is to have parenting time pursuant to the Parenting Time Guidelines.
- Child will remain in her current school and will not be enrolled in the new Fort Wayne elementary school.
- Father is to pay child support in the amount of $60 per week.
- Father is to pay $3,000 to Mother's attorney within sixty days.

Father now appeals.

# Discussion and Decision

[9] At the outset, we note that Mother has not filed an appellee's brief. We need not develop an argument on her behalf, and may reverse if Father is able to establish prima facie error—error on the face of the order being appealed. *Evans v. Thomas*, 976 N.E.2d 125, 126 (Ind. Ct. App. 2012).

# I. Custody Modification

[10] Father first argues that the trial court erred by modifying the parties' physical custody arrangement when neither party had requested the same and neither party was prepared to litigate modification of custody at the hearing. We agree. This Court has explicitly held that trial courts may not modify child custody sua sponte:

Here, the trial court's custody modification order suffers from an even more fundamental defect . . . : namely, neither Father nor Mother ever requested a change of custody. Longstanding Indiana law has prohibited trial courts from sua sponte ordering a change of custody. Rather, *when such an important issue as the custody of children is involved, a modification generally can be ordered only after a party has filed a petition requesting such a modification, the other party has notice of the filing, and a proper evidentiary hearing is held at which both parties may be heard and the trial court fully apprised of all necessary information regarding change of circumstances and a child's best interests before deciding whether a modification should be ordered. . . .*

***

It also is true, pursuant to Indiana Trial Rule 15(B), that issues raised by the pleadings can be altered by the evidence adduced at trial where the parties have impliedly or expressly consented to new issues being tried. Still, a party is entitled to some notice that an issue is before the court before it will be determined to have been tried by consent. Both parties must actually litigate the new issue, and a new issue may not be interjected under the pretense that the evidence was relevant to some properly pleaded matter.

*Bailey v. Bailey*, 7 N.E.3d 340, 344 (Ind. Ct. App. 2014) (internal citations omitted) (emphasis added). In the case before us, neither party filed a motion to modify custody, and attorneys for both parties informed the trial court at the hearing that it was ruling only on a petition to modify parenting time—in other words, the parties did not expressly or impliedly consent to the issue of custody modification being litigated. Therefore, the trial court erred by awarding

primary physical custody of Child to Mother and we reverse with instructions to modify its order to reflect that the parties still share joint physical custody.

## II. Parenting Time Modification

Next, Father argues that the trial court erred by granting Mother's motion to modify parenting time because the motion was filed far beyond the sixty-day statutory timeline governing objections to parental relocations. A "relocating individual"[1] must file a notice of intent to move. Ind. Code § 31-17-2.2-1. The notice must contain the following information:

- The address and home telephone number of the intended new residence;
- The date that the relocating individual intends to move;
- A brief statement of the specified reasons for the proposed relocation;
- A proposal for a revised schedule of parenting time;
- A statement that the non-relocating parent must object within sixty days of receiving the notice; and
- A statement that a non-relocating individual may file a petition to modify custody, parenting time, or child support in response to the relocation.

I.C. § 31-17-2.2-3. Within sixty days of receiving the notice, the non-relocating parent may file a motion seeking a temporary or permanent order to prevent the relocation of the child. I.C. § 31-17-2.2-5(a). The relocating parent has the burden of proving the proposed relocation is made in good faith and for a legitimate reason; if that burden is met, it shifts to the non-relocating parent to

---

[1] A "relocating individual" means an individual who has or is seeking custody of or parenting time with a child. Ind. Code § 31-9-2-107.5. Father unquestionably qualifies as a relocating individual.

show that the proposed relocation is not in the child's best interests. I.C. § 31-17-2.2-5(c), -5(d). If the non-relocating parent does not file a motion within sixty days, the relocating individual who has custody of the child may relocate to the new residence. I.C. § 31-17-2.2-5(e).

[12] Initially, we observe that the trial court found Father's Notice lacking in two ways: first, the Notice did not specifically state that Father intended to move Child's residence; and second, the Notice did not provide any reason for the move. As to the first, we think it obvious that a Notice of Intent to Relocate filed by Father, who shares joint physical and legal custody of Child, necessarily implies that when Father moves to a new residence, Child will as well when Father is exercising his parenting time. Moreover, the Notice states that no modification of parenting time would be necessary, again clearly implying that Child would be spending the same amount of time with Father that she always had, and that her time with him would be spent in his new home.[2] To require Father to spell out in his Notice of Intent to Relocate—the statutory purpose of which is to provide the other parent an opportunity to respond and object because of the potential effects a parental relocation can have on the child and the parties' parenting arrangements—that Child would live with him at his new home is unnecessary and has no basis in the statute. We disagree that his notice was deficient in that regard.

---

[2] Additionally, there is no real dispute that Mother had actual knowledge of Father's plan to move to a new residence in Fort Wayne and enroll Child in school there for months before he even filed the Notice.

[13]     As to the second alleged deficiency in the Notice, the statute requires that it contain "[a] brief statement of the specific reasons for the proposed relocation of the child." I.C. § 31-17-2.2-3((a)(2)(E). The Notice stated that "[t]he specific reason that I am moving to the above listed new address is to obtain a new residence." Appellant's App. p. 18. While this is certainly a brief statement, a brief statement is all that is required by the statute. And this was not a move across the country, or even across the state—it was a new residence located merely sixteen miles from his former residence. Under these circumstances, we find that the reason for Father's relocation described in the Notice was statutorily sufficient. As the Notice was sufficient, Mother's failure to file a motion seeking a temporary or permanent order preventing Child's relocation within sixty days meant that Father was permitted to relocate to his new residence. I.C. § 31-17-2.2-5(e).

[14]     Although Mother is no longer entitled to object to the relocation, she is entitled to file a motion to modify parenting time at any time. Indiana Code section 31-17-4-2 provides that a trial court

> may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.

With respect to parenting time, the trial court found as follows:

8. Since the start of the 2015-2016 school year, [Father] has continued to pick up [Child] at [Mother's] house at approximately 11:30 p.m. each school night when he gets off work from his 2nd shift job. When he arrives, [Child] is in bed and typically sleeps on her way to [Father's] house in Allen County. In the morning, [Father] takes [Child] to [her Huntington elementary school].

9. The child is 11 years old, preadolescent and requires more sleep.

10. [Father] works 2nd shift. He has had the opportunity to change work shifts but has not done so because he is a sound sleeper, he stated he normally sets 4 or 5 alarm clocks to wake him in the morning.

11. Since moving to Allen County, [Father], his mother-in-law and [Child] ride to school each morning. This arrangement was to help [Father] to stay awake.

12. Each morning for about 20 minutes, [Father], his new wife and his new mother-in-law help [Child] with homework.

13. . . . In her petition, [Mother] asked the Court to modify this parenting time arrangement so that [Child] would not have to go through this each school night. The Court notes that [Father] intends to continue working on the 2nd shift, and has no[] present intention of moving to a different shift.

***

17. The current parenting time arrangement is not in the best interest of [Child]. It deprives the child of much needed sleep at her age, also disrupts her normal sleeping patterns.

18. The 1 hour [of] parenting time the father has each morning is not quality time with the child, considering how difficult it is for [Father] to wake-up and the fact that the parenting time is shared with the new stepmother and mother-in-law.

Appellant's App. p. 27-28. With respect to the two school options, the trial court found as follows:

15. [Child] is a well-adjusted child and makes A's & B's at her current school. The child has been in the same school system since preschool and has many friendships that date back as far as preschool.

16. [Mother] has an excellent relationship with the school administration and [Child's] teachers.

***

20. A change in schools is not in [Child's] best interest, because considering the parenting time for each parent, the child would not be able to participate in after school activities with her classmates [if she attended the Fort Wayne school].

21. [Child] participates in the Boys & Girls Club [as an after-school activity following school days at the Huntington elementary school]. The Boys and Girls Club is a good environment for [Child].

*Id.* at 28.

[15]     In other words, the trial court found that, now that Child is older and needs a good night of sleep every night, it would be detrimental to her physical health and emotional well-being to continue the family's practice of interrupting her nightly sleep at 11:30 p.m. on each school night. The trial court also found that her best interests would be served by remaining in her current elementary school. The conclusion that the parenting time modification would be in Child's best interests necessarily follows, in that if she is attending school nearest to Mother's home, it is in Child's best interests to sleep at that home on school nights. We find that the evidence in the record supports these findings, which in turn support the parenting time modification order and the order that Child not be enrolled in a new school district near Father's home. Consequently, we affirm that portion of the order.

[16]     Father does not make any argument regarding the child support order other than a contention that it is inappropriate because the custody and parenting time orders were improper. Although we have reversed the custody order, we are affirming the parenting time modification. Because the parenting time modification will result in Child spending significantly more time in Mother's home than in Father's, we agree with the trial court that a child support order is warranted. And as no argument has been made regarding the calculation of the amount of child support to be paid by Father, we affirm that portion of the trial court's order.

Finally, the trial court's order contains the following directive regarding attorney fees:

> The Court further finds that [Mother] has incurred attorney fees in the about [sic] of $4,081.10 in defending against this action and does not have sufficient means to pay said fees. Further, the Court finds that [Father] failed to comply with the requirements of providing notice to move, as stated above; therefore, [Father] should be ordered to pay [Mother's] attorney in the amount of $3,000.00 within 60 days of this order.

Appellant's App. p. 29. Initially, we note that we have found that the Notice did, in fact, comply with the relevant statutes. Furthermore, the instant order stemmed from a hearing on Mother's petition to modify parenting time and Father's motion regarding school selection; as a result, whatever did or did not happen with respect to the Notice is irrelevant.[3] That said, in the context of a petition to modify parenting time, a trial court may award attorney fees under certain circumstances:

(a)    In any action filed to enforce or modify an order granting or denying parenting time rights, a court may award:

    (1)    reasonable attorney's fees;

    (2)    court costs; and

    (3)    other reasonable expenses of litigation.

---

[3] Again, Mother did not file a response to the Notice until months after the sixty-day period to object to the relocation had passed.

> (b) In determining whether to award reasonable attorney's fees, court costs, and other reasonable expenses of litigation, the court may consider among other factors:
>
>> (1) whether the petitioner substantially prevailed and whether the court found that the respondent knowingly or intentionally violated an order granting or denying rights; and
>>
>> (2) whether the respondent substantially prevailed and the court found that the action was frivolous or vexatious.

I.C. § 31-17-4-3. We reverse the trial court's award of attorney fees, as it did not have a proper basis, and remand so that the trial court can consider the statutory factors set forth in Indiana Code section 31-17-4-3 and issue a new order with respect to attorney fees if the trial court determines that fees are warranted pursuant to that statute.

[18]  The judgment of the trial court is reversed with respect to the custody modification and attorney fee award, affirmed with respect to the parenting time modification and child custody order, and remanded with instructions to consider proper statutory factors and issue a new attorney fee order if the trial court determines that one is warranted.

Mathias, J., and Pyle, J., concur.