

**FILED**

Mar 11 2019, 6:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Trenna S. Parker
Trenna S. Parker Law Office, P.C.
Noblesville, Indiana

ATTORNEY FOR APPELLEE

Rodney T. Sarkovics
Sarkovics Law
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Paternity of W.R.H.

Casie N. Wheeler,

*Appellant-Petitioner,*

v.

William Jesse Hinshaw,

*Appellee-Respondent*

March 11, 2019

Court of Appeals Case No.
18A-JP-1770

Appeal from the Hamilton
Superior Court

The Honorable Jonathan M.
Brown, Judge

Trial Court Cause No.
29D02-1506-JP-839

**Vaidik, Chief Judge.**

# Case Summary

[1]    Casie N. Wheeler ("Mother") and William Jesse Hinshaw ("Father") shared joint legal custody of their young son (i.e., authority and responsibility for the major decisions concerning their son's upbringing, including his education, health care, and religious training). However, after Mother filed a notice of

intent to relocate and Father objected, the trial court issued an order that, among other things, awarded sole legal custody to Father. Mother appeals, arguing that the parties did not raise the issue of legal custody and that the modification was therefore improper. Father acknowledges that he did not expressly request a change in legal custody but contends that, under Indiana's parental-relocation statutes, Ind. Code ch. 31-17-2.2, legal custody is placed at issue any time one parent files a notice of intent to relocate and the other parent objects. We disagree with Father's reading of the statutes, and because he did not otherwise put Mother on notice that he was seeking a change in legal custody, we reverse the modification.

## Facts and Procedural History

[2] Mother and Father are the parents of W.H., who was born in March 2014. As of July 2017, Mother had primary physical custody of W.H., with Father exercising significant parenting time and paying child support, and the parties shared joint legal custody. Mother was living in Indianapolis, and Father was living in Westfield. That month, Mother filed a notice of intent to relocate to New Haven, Indiana, "for a teaching position with a Fort Wayne ballet company and to pursue her undergraduate degree at Indiana University – Purdue University Fort Wayne." Appellant's App. Vol. II p. 40. She acknowledged that the move would "cause a change in the current parenting time as the increased distance will affect Father's currently ordered parenting time." *Id.* at 40-41.

[3] Father immediately objected to the proposed relocation, asserting that it would "substantially interfere with his parenting time he is currently exercising." *Id.* at 43. He asked the trial court to set the matter for a hearing, to prohibit Mother from relocating while the matter was pending, and to ultimately bar the relocation. Father also asked the court to modify child support and to award him "physical custody" "[s]hould Mother decide to move to Ft. Wayne[.]" *Id.* at 44.

[4] The trial court set the matter for a hearing. A few days before the hearing, Father filed a motion for rule to show cause. He alleged that Mother, without talking to him, had enrolled W.H. in a school in New Haven. Father asserted that this was a breach of the joint-legal-custody arrangement and asked the court to hold her in contempt.

[5] At the hearing, the parties disputed whether W.H. had actually been "enrolled" in the school in New Haven. They also presented extensive testimony and exhibits regarding the proposed relocation. Father's primary contention was that Mother's reason for wanting to move to New Haven was not school or work but rather to live with her boyfriend.

[6] In January 2018, the trial court issued its order. Believing that Mother would be relocating to New Haven regardless of the court's decision, the court (1) denied Mother's request to relocate W.H., (2) awarded primary physical custody to Father, (3) awarded sole legal custody to Father, (4) modified child

support, and (5) found Mother in contempt of the previous legal-custody order and ordered her to pay some of Father's attorney's fees.

[7] Mother then filed a motion to correct error. She did not challenge the denial of her request to relocate W.H. to New Haven, but she argued that the rest of the rulings were incorrect. Relevant to this appeal, Mother asserted that the parties did not ask the trial court to modify legal custody and that the court therefore erred by doing so. The trial court granted Mother's motion in part, including setting aside the finding of contempt, but it left in place the modification of legal custody. The court concluded that "a change of custody was requested and plead by both parties." Appellant's App. Vol. III p. 30.

[8] Mother now appeals.

# Discussion and Decision

[9] Mother does not appeal the trial court's rulings regarding relocation, physical custody, or child support. She challenges only the trial court's modification of legal custody. Specifically, she renews her argument that Father never asked the trial court to award him sole legal custody, that the issue of legal custody was not otherwise placed at issue, and that the trial court therefore erred by modifying legal custody. As we made clear in *Bailey v. Bailey*, "Longstanding Indiana law has prohibited trial courts from sua sponte ordering a change of custody." 7 N.E.3d 340, 344 (Ind. Ct. App. 2014). The issue is one of notice:

> [W]hen such an important issue as the custody of children is involved, a modification generally can be ordered only after a party has filed a petition requesting such a modification, the other party has notice of the filing, and a proper evidentiary hearing is held at which both parties may be heard and the trial court fully apprised of all necessary information regarding change of circumstances and a child's best interests before deciding whether a modification should be ordered.

*Id.*

[10] For his part, Father does not dispute that the modification of custody is improper if the issue is not raised by the parties, nor does he dispute that he never expressly asked the trial court, in either his filings with the court or at the hearing, to modify legal custody. Rather, he argues that, pursuant to Indiana's relocation statutes, Ind. Code ch. 31-17-2.2, legal custody was "automatically at issue" once he requested a hearing regarding Mother's notice of intent to relocate. Appellee's Br. p. 6. Mother disagrees with Father's reading of the relocation statutes. Statutory construction is a matter of law that we review de novo. *Edmonds v. State*, 100 N.E.3d 258, 261 (Ind. 2018).

[11] Indiana Code section 31-17-2.2-1(a) provides that a "relocating individual"—a person who has or is seeking custody of a child or parenting time with a child and who intends to move their principal residence, Ind. Code § 31-9-2-107.5— "must file a notice of the intent to move[.]" Here, Mother filed such a notice, and Father responded with an objection in which he requested that the court set a hearing. In support of his argument that legal custody was at issue as soon as he requested a hearing, Father cites Indiana Code section 31-17-2.2-1(b), which

provides, in part, "Upon motion of a party, the court shall set the matter for a hearing to review and modify, if appropriate, a custody order, parenting time order, grandparent visitation order, or child support order." According to Father, this provision means that both physical and legal custody are at issue and subject to modification any time a parent requests a hearing regarding the other parent's notice of intent to relocate, regardless of the reason for, or the content of, the request for a hearing. Appellee's Br. p. 9 ("[T]he mere filing of a request for hearing after the initiating party files a notice of intent to relocate places custody at issue, physical and/or legal custody.").

[12] We think Father misreads the opening phrase "Upon motion of a party[.]" Father apparently believes that the "motion" referred to in that phrase is a motion or request for a hearing, so that "the court shall set the matter for a hearing to review and modify, if appropriate, a custody order" any time a parent asks for a hearing on another parent's notice of intent to relocate. *See id.* at 11 (Father arguing that "the statute specifically says that after a party files a motion for hearing that a modification of custody is a potential consequence or result"). But the statute does not contemplate a generic "motion" or "request" for a hearing regarding a proposed relocation. As our Supreme Court has explained, what Section 31-17-2.2-1(b) contemplates, and the "motion" to which it refers, is a motion to modify an existing custody order (or parenting time order, or grandparent visitation order, or child support order). *See*

*Baxendale v. Raich*, 878 N.E.2d 1252, 1256 n.5 (Ind. 2008).[1] So, for example, if a parent files a motion to modify the existing physical-custody order, then "the court shall set the matter for a hearing to review and modify, if appropriate, [the physical-custody order.]" If a parent files a motion to modify the existing legal-custody order, then "the court shall set the matter for a hearing to review and modify, if appropriate, [the legal-custody order.]" If, on the other hand, a parent files only a motion to modify the existing child-support order, then "the court shall set the matter for a hearing to review and modify, if appropriate, [the child-support order]" without concerning itself with physical or legal custody. In short, the requests of the parties frame the issues for the hearing, which may or may not include the issue of legal custody.

[13] To be sure, physical custody and/or parenting time will be at issue virtually any time a parent is looking to move a significant distance. But the same is not necessarily true of legal custody. Physical distance does not prevent parents, especially given today's technology, from communicating effectively about education, health care, religion, and other aspects of a child's upbringing. And for this reason a parent who wants a change in legal custody must ask for one. If Father had done so in this case, it is entirely possible that Mother would have

---

[1] A nonrelocating parent also has the option of filing a motion to simply prevent the relocation pursuant to Indiana Code section 31-17-2.2-5(a), without seeking any sort of modification. *See Baxendale*, 878 N.E.2d at 1256 n.5.

presented significant additional evidence relevant to the specific issue of legal custody.

[14] Instead, after Mother filed her notice of intent to relocate, Father filed a "Verified Objection to Petitioner's Notice of Intent to Relocate and Petition to Modify Child Support." In that filing, Father asked the trial court to (1) modify child support, (2) prohibit Mother from relocating the child while the matter was pending, (3) deny Mother's proposed relocation, (4) award him "physical custody" "[s]hould Mother decide to move to Ft. Wayne," and (5) "set this matter for hearing[.]" Appellant's App. Vol. II pp. 43-44. Father specifically requested a change in "physical custody," thereby putting Mother on notice that physical custody would be at issue at the hearing. If he also wanted a change in legal custody, he should have said so, either in his filing or at the subsequent hearing. He did not. The term "legal custody" was used at the hearing, but only in the context of Father's request to have Mother found in contempt for allegedly violating the existing legal-custody order. And while evidence was presented that **would have been** relevant if legal custody had been placed at issue (e.g., evidence of the parties' communication), that evidence was separately relevant to the main issue before the court: whether to allow Mother to move W.H. to New Haven. As such, it cannot be said that the issue of legal custody was tried by consent pursuant to Indiana Trial Rule 15(B), *see Bailey*, 7 N.E.3d at 344, and Father makes no such argument on appeal. For these reasons, and because Indiana Code section 31-17-2.2-1 does not place legal custody at issue any time there is a hearing regarding a proposed relocation,

legal custody was not at issue at the hearing, and the trial court erred by ordering the modification.

[15] Reversed.

Mathias, J., concurs.
Crone, J., dissents with separate opinion.

| | |
|---|---|
| In Re the Paternity of: W.R.H. Casie N. Wheeler, *Appellant-Petitioner,* v. William Jesse Hinshaw, *Appellee-Respondent* | Court of Appeals Case No. 18A-JP-1770 |

**Crone, Judge, dissenting.**

[16] I respectfully disagree with the majority's interpretation of Indiana Code Section 31-17-2.2-1(b). It is important to recognize not only what a statute says, but also what it does not say. *In re Estate of Jackson*, 938 N.E.2d 1200, 1207 (Ind. Ct. App. 2010), *trans. denied* (2011). The statute does not require the party who moves for a hearing to "frame[] the issue(s) for the hearing," slip op. at 7, nor does it limit the issues that a trial court may adjudicate at the hearing. Indeed, the statute authorizes a court to modify a custody order, a parenting time order, or a child support order "if appropriate[.]" Ind. Code § 31-17-2.2-1(b). A court must "take into account" the same six considerations with respect to all of those orders, and all of those considerations "affect[] the best interest of

the child."[2]  *Id.*  In sum, the statute itself puts parties on notice that custody (both legal and physical), parenting time, and child support are always at issue whenever a court holds a hearing on a party's notice of intent to move.  Unless the effects of a party's relocation are de minimis,[3] a relocation will upset the existing balance of custody, parenting time, and child support arrangements to some degree; the legislature has given trial courts the discretion to rebalance

---

[2] The sixth consideration is "[o]ther factors affecting the best interest of the child."  Ind. Code § 31-17-2.2-1(b)(6).  In *D.C. v. J.A.C.*, our supreme court explained that those other factors

> include, among other things, the child's age and sex; the parents' wishes; the child's wishes, with the wishes of children fourteen years or older being given more weight; the child's relationship with parents, siblings, and any other person affecting the child's best interests; and the child's adjustment to home, school, and the community. I.C. § 31-17-2-8; *see also Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008). When one parent is relocating, it is not necessary for a court to find a substantial change in one of these "other factors" before modifying custody. *See Baxendale*, 878 N.E.2d at 1257.

977 N.E.2d 951, 954 (Ind. 2012) (footnote omitted).  Both *D.C.* and *Baxendale* involved modification of physical custody.  In *Milcherska v. Hoerstman*, another panel of this Court stated,

> We note that when one parent is relocating, it is not necessary for a court to find a substantial change in one of the Section 31-17-2-8 factors before modifying physical custody. *D.C.*, 977 N.E.2d at 954. However, our courts have not similarly waived the "substantial change" requirement for legal custody determinations in the event of a parent's relocation.

56 N.E.3d 634, 641 n.3 (Ind. Ct. App. 2016).  Accordingly, the *Milcherska* panel stated, "When considering a modification from joint legal custody to sole legal custody, we must determine whether there has been a substantial change in one or more of the factors listed in Indiana Code section 31-17-2-15, in addition to considering any substantial change to the Section 8 factors, as is typically necessary for physical custody modification." *Id.* at 641 (citing *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1259 (Ind. Ct. App. 2010) (citing *Carmichael v. Siegel*, 754 N.E.2d 619, 635 n.7 (Ind. Ct. App. 2001)).  Indiana Code Section 31-17-2-15 lists factors to be considered in awarding joint legal custody, including whether the parties "have agreed to an award of joint legal custody[,]" "the fitness and suitability of each of the persons awarded joint custody[,]" "whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare[,]" and "whether the persons awarded joint custody: (A) live in close proximity to each other; and (B) plan to continue to do so[.]"  In its original order in this case, the trial court considered the Section 8 factors but did not make a specific finding regarding substantial changes, and it did not mention Indiana Code Section 31-17-2-15 at all.  Citing *Baxendale* and *Milcherska*, Mother contends that this was error.  I disagree.  As noted in *Baxendale* (which, like Indiana Code Section 31-17-2.2-1(b), does not distinguish between legal and physical custody), Indiana Code Chapter 2.2 "is a self-contained chapter and does not by its terms refer to the general change of custody provisions" in Section 8.  878 N.E.2d at 1257.  Likewise, it does not refer to Indiana Code Section 31-17-2-15.

[3] As an example, Father filed a notice of intent to relocate within his apartment complex. Tr. Vol. 3 at 41.

them "if appropriate," based on the evidence presented at the hearing and unfettered by the contents of a party's motion for the hearing.

[17] In this case, although Father's verified objection to Mother's notice of intent to relocate specifically requested only a change in physical custody if Mother decided to move to Fort Wayne, the trial court heard evidence regarding "parental alienation behaviors by Mother[,]" her failure to communicate with Father about W.H.'s daycare, her frequent residence changes, her "lack of stability in employment," and her failure to follow the trial court's orders, all of which negatively impacted the joint legal custody arrangement. Appealed Order at 4, 5. The trial court found that modifying that arrangement would be in W.H.'s best interest, a determination that Mother did not challenge in her motion to correct error and does not challenge on appeal. Because the child's best interest is the touchstone of a custody determination, and because Mother was aware that the issue of custody would be litigated at the hearing, I would affirm the trial court's award of sole legal custody to Father. In my view, reversing for possible relitigation of this issue would be a waste of the parties' and the trial court's resources.